# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually
and on behalf of a class of all persons
and entities similarly situated,

        Plaintiff,

v.

CREDIT SWAG VENTURES, INC.
DBA CREDIT & DEBT,

        Defendant.

Case No. 4:25-cv-11777-FKB-EAS
District Judge F. Kay Behm
Mag. Judge Elizabeth A. Stafford

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Credit Swag Ventures, Inc., d/b/a Credit & Debt ("Defendant") hereby respectfully moves to dismiss the Complaint (*see* ECF No. 1, "Complaint") filed by Plaintiff Mark Dobronski ("Plaintiff") in this matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

The specific bases and authority for this Motion are more fully set forth in the attached Brief in Support, which is incorporated herein by reference.

Pursuant to Local Rule 7.1, the undersigned certifies that counsel for Defendant conferred with counsel for Plaintiff, through e-mail and by phone, regarding the grounds for this Motion and whether Plaintiff would concur with the relief sought herein prior to filing same. Plaintiff's counsel stated that Plaintiff does not consent to the relief requested herein, and opposes this motion.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: August 22, 2025    By: */s/ Jonathan F. Karmo*

                    Jonathan F. Karmo (P76768)
                    450 West Fourth Street
                    Royal Oak, MI 48067
                    Phone: (248) 645-1483
                    jfk@h2law.com
                    *Attorneys for Defendant*

## ISSUES PRESENTED

1. Whether Plaintiff has adequately pled a claim for relief against Defendant under

   Fed. R. Civ. P. 12(b)(6). Defendant answers: "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730 (E.D. Mich. Sept. 12, 2023)

- *Michael Dahdah v. Rocket Mortgage, LLC*, Case No. 4:22-cv-11863-FKB-DRG, ECF No. 26 (E.D. Mich. Sept. 23, 2023)

- *Dobronski v. Russo*, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024)

- *Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365 (6th Cir. 2015)

- *Kern v. VIP Travel Servs.*, 2017 WL 1905868 (W.D. Mich. May 10, 2017)

- *Linden v. City of Southfield, Mich.*, 75 F.4th 597 (6th Cir. 2023)

- *Lucas v. Telemarketer*, 2019 WL 3021233 (6th Cir. May 29, 2019)

- *New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011)

- *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)

- *Williams v. CitiMortgage, Inc.,* 498 F. App'x 532 (6th Cir. 2012)

## **TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................1

RELEVANT COMPLAINT ALLEGATIONS ........................................................2

ARGUMENT ...........................................................................................................5

I.   THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR
     FAILURE TO STATE A CLAIM UNDER THE TCPA. ...................................5

     A. Plaintiff's Complaint Does Not Plausibly Allege Any Theory of Liability
        Against Defendant. ....................................................................................6

        1.  Plaintiff Does Not Plausibly Allege that Defendant Physically Placed
            the Subject Calls, as Required to Plead Direct Liability......................7

        2.  Plaintiff Does Not Allege Any Facts to Support an "Agency"
            Relationship Between Defendant and the Purported Caller. .............11

     B. Plaintiff Fails To Plead Facts Supporting Other Elements of His Claims.
        ...................................................................................................................13

        1.  Plaintiff Fails to Adequately Allege Use of an Artificial or Prerecorded
            Voice to Support his 227(b) Claim. ...................................................13

        2.  Plaintiff Fails to Adequately Allege Use of a "Residential" Line, An
            Essential Element of Both His Section 227(b) and 227(c) Claims.....15

        3.  Plaintiff Fails to Adequately Allege He Received a "Telephone
            Solicitation" to Support His Section 227(c) Claim.............................18

     C. Plaintiff Does Not Allege Willful or Knowing Violation of the TCPA. .20

CONCLUSION ......................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
  2018 WL 288055 (N.D. Cal. Jan. 4, 2018)............................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................4, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................4

*Berger v Home Depot USA, Inc.*,
  741 F.3d 1061 (9th Cir. 2014) ......................................................................13

*Bickerstaff v. Lucarelli*,
  830 F.3d 388 (6th Cir. 2016) ..........................................................................4

*Canary v. Youngevity Int'l, Inc.*,
  2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ...............................................21

*Childress v. Liberty Mut. Ins. Co.*,
  2018 WL 4684209 (D.N.M. Sept. 28, 2018)....................................................8

*Cunningham v. Daybreak Solar Power, LLC*,
  2023 WL 3985245 (N.D. Tex. June 13, 2023).................................................12

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
  2021 WL 1946645 ......................................................................................7, 12

*Cunningham v. Politi*,
  2019 WL 2517085 (E.D. Tex. Apr. 30, 2019).................................................16

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
  2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017) .....................................15

*Curry v. Synchrony Bank, N.A.*,
  2015 WL 7015311 (S.D. Miss. Nov. 12, 2015)................................................14

*Dahdah v. Rocket Mortgage LLC*,
  2023 WL 5941730 (E.D. Mich. Sept. 12, 2023) .............................................19

*Dobronski v. Endeavor Business Media, LLC*,
  Case No. 2:25-cv-11581, ECF No. 1 ..............................................................17

*Dobronski v. Medguard Alert, Inc. et al.*,
  Case No. 2:24-cv-12940, ECF No. 10..............................................................18

*Dobronski v. Russo*,
2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ...................................................6

*Doyle v. GoHealth, LLC*,
2023 WL 3984951 (D.N.J. Mar. 30, 2023) ........................................................8

*Eggleston v. Reward Zone USA LLC*,
2022 WL 886094 (C.D. Cal. Jan. 28, 2022)................................................19, 20

*Frank v. Cannabis & Glass, LLC*,
2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .....................................................7

*Gillam v. Reliance First Capital, LLC*,
2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ............................................passim

*Hicks v. Alarm.com Inc.*,
2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ...............................................15, 16

*Hirsch v. Fortegra Fin. Corp.*,
2018 WL 4760801 (M.D. Fla. June 26, 2018) ...................................................13

*In re Joint Petition filed by Dish Network, LLC*,
2013 WL 1934349, 28 F.C.C Rcd. 6574 ............................................................7

*In re Livent, Inc. Noteholders Secs. Litig.*,
151 F. Supp. 2d 371 (S.D.N.Y. 2001) ................................................................5

*Jones v. Royal Admin. Servcs., Inc.*,
887 F.3d 443 (9th Cir. 2018) .......................................................................11, 12

*Katz v. CrossCountry Mortg., LLC*,
2022 WL 16950481 (N.D. Ohio Nov. 15, 2022)................................................19

*Keating v. Peterson's Nelnet, LLC*,
2014 WL 1891369 (N.D. Ohio May 12, 2014) .................................................11

*Kern v. VIP Travel Servs.*,
2017 WL 1905868 (W.D. Mich. May 10, 2017)................................................12

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
780 F.3d 1101 (11th Cir. 2015) .........................................................................21

*Linden v. City of Southfield, Mich.*,
75 F.4th 597 (6th Cir. 2023) ...............................................................................4

*Lucas v. Telemarketer Calling from (407) 476-5680*,
2019 WL 3021233 (6th Cir. May 29, 2019)................................................6, 7, 8

*Manopla v. Sansone Jr's 66 Automall*,
  2020 WL 1975834 (D.N.J. Jan. 10, 2020)...........................................................14

*Mantha v. QuoteWizard.com*,
  2022 WL 325722 (D. Mass. Feb. 3, 2022)...................................................17, 18

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025)..................................................9, 10

*Michael Dahdah v. Rocket Mortgage, LLC*,
  Case No. 4:22-cv-11863-FKB-DRG, ECF No. 26 (E.D. Mich. Sept. 23,
  2023) ............................................................................................................19

*Morgan v. U.S. Xpress, Inc.*,
  2018 WL 3580775 (W.D. Va. July 25, 2018) ...................................................15

*Murray v. Choice Energy, LLC*,
  2015 WL 4204398 (S.D. Ohio July 10, 2015)................................................7, 11

*Nelums v. Mandu Wellness, LLC*,
  2023 WL 5607594 (D.N.M. Aug. 30, 2023) .......................................................6

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
  650 F.3d 1046 (6th Cir. 2011) ...........................................................................5

*Rogers v. Assurance IQ, LLC*,
  2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)...................................12, 16, 17

*Scruggs v. CHW Grp., Inc.*,
  2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ......................................................9

*Sec'y of Labor v. Macy's, Inc.*,
  2021 WL 5359769 (S.D. Ohio Nov. 17, 2021) ...................................................5

*Smith v. Direct Building Supplies, LLC*,
  2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) .........................................................8

*Smith v. Pro Custom Solar LLC*,
  2021 WL 141336 (D.N.J. Jan. 15, 2021)............................................................14

*Smith v. Vision Solar LLC*,
  2020 WL 5632653 (E.D. Pa. Sept. 21, 2020)................................................8, 16

*Tam Travel, Inc. v. Delta Airlines, Inc.*,
  583 F.3d 896 (6th Cir. 2009) .............................................................................5

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
  2024 WL 4228149 (E.D. Pa. Sept. 17, 2024)...............................................18, 21

v

*Wick v. Twilio Inc.*,
  2016 WL 6460316 (W.D. Wash. Nov. 1, 2016)....................................................19

*Williams v. CitiMortgage, Inc.*,
  498 F.App'x 532 (6th Cir. 2012).............................................................................5

## STATUTES

47 U.S.C. § 227(b)(1)(A)(iii) ..................................................................................13

47 U.S.C. §§ 227(b)(1)(B) .........................................................................5, 13, 15

47 U.S.C. § 227(b)(3)(C) .........................................................................................21

47 U.S.C. § 227(c)(5)....................................................................................6, 15, 18

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c) ...........................................................................................18

47 C.F.R. § 64.1200(c)(2) .........................................................................................6

47 C.F.R. § 64.1200(f)(13) ......................................................................................19

47 C.F.R. § 64.1200(f)(15) ......................................................................................18

## BRIEF IN SUPPORT OF MOTION

## INTRODUCTION

Plaintiff's threadbare Complaint alleges, in conclusory fashion and without sufficient factual support, that Defendant violated the "artificial or prerecorded voice" and the "Do-Not-Call" ("DNC") Registry provisions of the Telephone Consumer Protection Act ("TCPA") and its related implementing regulations. As shown below, however, Plaintiff is not entitled to any relief under the TCPA.

TCPA complaints like the one at bar, built on a feeble foundation of barren conclusions lacking in requisite factual support, are routinely dismissed by federal district courts under Rule 12(b)(6) for failing to meet federal pleading standards. Here, Plaintiff's Complaint should be dismissed for at least the following reasons:

**First**, the entire Complaint should be dismissed, under Rule 12(b)(6) because Plaintiff fails to state a plausible TCPA claim or plead adequate facts supporting the same. To successfully plead ***any*** TCPA claim, a TCPA plaintiff must first allege a viable theory of liability—*i.e.,* direct or vicarious liability. Here, Plaintiff fails to plead sufficient non-conclusory facts supporting a plausible inference either that Defendant: (i) itself, and not a third party, "physically" took steps to place each of the subject calls to him directly, as required to plead direct TCPA liability; or (ii) was in a common law agency with (the touchstone of which is having "control" over) any third party who did physically call him, as required to plead vicarious TCPA

1

liability. This failure alone is fatal to Plaintiff's Complaint under the weight of applicable authority.

**Second**, Plaintiff also fails to plead sufficient facts supporting other essential elements of his claims. Specifically, Plaintiff fails to include non-conclusory facts supporting an inference that: (i) the alleged calls involved the use of an "artificial or prerecorded voice," as opposed to being made by a live person, which are required for Plaintiff's automated calling claim; (ii) that the alleged phone number was "residential" as required for his DNC and automated calling claims; and (iii) that he received an actionable "telephone solicitation," as defined by the TCPA's implementing regulations, physically initiated "by or on behalf of the same entity" in a 12-month period, as required for his DNC claim.

**Third**, Plaintiff seeks treble damages without pleading any supporting facts suggesting that any alleged TCPA violation was "willful" or "knowing." Such baseless allegations are insufficient to withstand dismissal under Rule 12(b)(6).

## RELEVANT COMPLAINT ALLEGATIONS

In pertinent part, Plaintiff alleges that his phone number (734) XXX-XXXX was registered on the National DNC Registry on June 29, 2003. ECF No. 1 ¶ 23, 27. Plaintiff contends this number is a "residential telephone line" which he uses for "personal, residential, and household reasons." *Id*. ¶¶ 24-26.

According to Plaintiff, he received "at least five" alleged calls "from the Defendant" on April 3, 2025, with at least one call "us[ing] an artificial voice." *Id*. ¶¶ 30-31. Plaintiff's only allegations regarding use of an "artificial voice" are that the voice sounded "scripted" and did not respond to Plaintiff's "vulgar" provocations." *Id*. ¶¶ 34, 57. Plaintiff alleges details relating to only one call on April 3, 2025, initiated by "Jessica from . . . Debt Relief Group." *Id*. ¶ 33. "Jessica" allegedly stated "I got your information for debt settlement and it seems like you might be eligible for a program that could lower your debt. Do you currently owe more than ten thousand in debt?" *Id*. ¶ 36. When Plaintiff answered "yes," Jessica allegedly responded "ok, great. Now let me transfer your call to our verification department to discuss all of your available options, okay?" *Id*. ¶ 37. Then, "Jessica" allegedly transferred the call to "Jacob" also "from . . . Debt Relief Group," who proceeded to "ask[ ] . . . Plaintiff a series of questions" relating to his debt. *Id*. ¶ 40. After this exchange, Plaintiff was then allegedly transferred to a third individual named "Denise" who identified herself "as being from Credit & Debt." *Id*. ¶ 42.

While Plaintiff alleges outpulse numbers from which he received calls, he alleges no facts suggesting that any of these numbers belonged to Credit & Debt. *Id*. ¶¶ 33-43. Plaintiff also alleges, without support, that he never "consented," "never did business with the Defendant," "has never been a customer" and never "inquired to be a customer" of Defendant. *Id*. ¶¶ 28-29.

Based on these conclusory allegations, Plaintiff contends that he and the putative class members were somehow damaged by the subject calls. *Id.* ("Prayer").

## APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim for relief. Under this rule, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted); *see also Twombly*, 550 U.S. at 570 (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"). In other words, Plaintiff must provide "'specific facts necessary to establish the cause of action'" and cannot rely on mere conclusory statements. *Linden v. City of Southfield, Mich.,* 75 F.4th 597, 601–02 (6th Cir. 2023) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).

Further, while this Court must generally accept well-pled factual allegations in the Complaint as true, "[a] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are

contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532, 536 (6th Cir. 2012) (quoting *In re Livent, Inc. Noteholders Secs. Litig.,* 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (citations omitted)); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011); *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009); *Sec'y of Labor v. Macy's, Inc.,* 2021 WL 5359769, at *5 (S.D. Ohio Nov. 17, 2021) ("There is also an exception to the general principle that the Court accepts all factual allegations as true for internally inconsistent allegations, which need not (and indeed cannot) be accepted as true for purposes of a motion to dismiss.") (citation omitted).

## **ARGUMENT**

## I.  **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.**

Plaintiff's Complaint asserts two causes of action: (1) violation of Section 227(b) of the TCPA, which prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded" without "prior express written consent," Section 227(b)(1)(B), and/or calls made to a telephone number "assigned to a cellular telephone service . . . or any service for which the called party is charged for the call," Section 227(b)(1)(A)(iii); and (2) violation of Section 227(c) of the TCPA, which prohibits "initiat[ing]" more than one "telephone solicitation"

call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As shown below, Plaintiff's claims fail for several reasons.

A. **Plaintiff's Complaint Does Not Plausibly Allege Any Theory of Liability Against Defendant.**

As a preliminary matter, Plaintiff must plausibly allege one of two potential theories of liability under the TCPA against Defendant: (1) direct liability or (2) vicarious liability. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019). Failure to do so warrants dismissal of Plaintiff's TCPA claim in its entirety. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA and [an equivalent state statute]—that Defendants were directly or vicariously liable for the [subject calls]—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims.); *Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) (dismissing complaint where this Plaintiff failed to adequately allege a theory of direct or vicarious liability). Plaintiff does not plausibly allege either theory here.

**1. Plaintiff Does Not Plausibly Allege that Defendant Physically Placed the Subject Calls, as Required to Plead Direct Liability.**

Direct TCPA liability applies <u>only</u> to persons or entities that "initiate" telemarketing calls. *Lucas,* 2019 WL 3021233, at \*5. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at \*3 (S.D. Ohio July 10, 2015) (citing *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26) (emphasis added). In other words, for direct TCPA liability to attach, Plaintiff must plausibly allege ***Defendant itself— not some unidentified third party—physically called him <u>directly</u>***. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at \*2 (E.D. Wash. Oct. 1, 2019); *see also Dobronski*, 2024 WL 4363118, at \*5 (Plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" to him was insufficient to plead a theory of TCPA liability); *Lucas,* 2019 WL 3021233, at \*5-6; *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2021 WL 1946645, at \*2; (M.D. Tenn. May 14, 2021).

Plaintiff does not allege any ***facts*** from which to infer that any of the calls were actually, physically initiated by Defendant. Plaintiff's conclusory allegations that the

alleged calls were "placed by the Defendant" or came "from the Defendant" are patently insufficient to avoid dismissal. *See* ECF No. 1, ¶¶ 30–32*; see also Lucas*, 2019 WL 3021233, at *5-6 (recognizing that successfully pleading direct liability under the TCPA requires pleading plausible facts demonstrating that the defendant itself, and not a third party, <u>physically</u> placed the calls at issue); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (allegations that "[d]efendant contacted or attempted to contact [plaintiff] from multiple telephone numbers confirmed to belong to Defendant" insufficient to justify that the call actually came from defendant); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (finding no direct liability where "there [were] no factual allegations that [d]efendant actually made the telephone call at issue," and holding that "[t]he mere conclusion that the [dialer used] belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call"). Indeed, Plaintiff does not even allege that Defendant owned or operated any of the phone numbers from which the alleged calls were received. *See* ECF No. 1, ¶¶ 30-32; *see also Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4–6 (D.N.J. Mar. 30, 2023) (dismissing on this basis where plaintiff did "not allege that the number associated with the call [. . .] belonged to [d]efendant"); *Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (dismissing where the complaint lacked such factual

allegations about the phone numbers and callers at issue and, thus, plaintiff "provide[d] no details specifying how [he] knew that [defendant] in fact [physically] placed these calls"). At most, Plaintiff conclusorily alleges that during one call he spoke with two persons from a company using the name "Debt Relief Group" before he was transferred to an individual by the name of "Denise," who "identif[ied] herself as being from Credit & Debt." ECF No. 1, ¶ 42. If anything, these allegations support the conclusion that "Credit & Debt" was ***not*** the entity to place the initial outbound call.

Moreover, such conclusions, without more, are entirely inadequate to support a plausible inference that the initial call was placed by Defendant. *See, e.g.*, *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *6-10 (E.D. Va. Nov. 12, 2020) (allegations that caller expressly stated he/she was "associated with" the defendant and identified defendant by name were insufficient for direct <u>or</u> vicarious TCPA liability, holding "this statement does not foreclose the possibility that a third party" made the call); *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant); *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (dismissing direct TCPA liability, finding allegations that caller stated they were calling "on behalf of" the defendant and identified defendant by name insufficient).

*Scruggs* is instructive on this point. There, as here, the sole allegation

connecting the defendant to the calls was that the caller "identified himself as associated with [the defendant] and attempted to sell [the plaintiff] a home warranty." 2020 WL 9348208, at *6. The court dismissed, finding that this "lone link" to defendant was insufficient to plausibly allege any theory of liability against defendant under the *Iqbal* pleading standards. *Id*. at *10. The same result is warranted here.

Similarly, in *Matthews*, the plaintiff merely concluded that he "repeatedly received calls from [the defendant]." 2025 WL 1181789, at *3. The court held "this threadbare recitation" insufficient to state a direct TCPA liability claim. *Id*. Further, while the plaintiff identified the phone number from which the calls were placed, he "d[id] not link that phone number to [the defendant]." *Id*. The same deficiencies exist here. Plaintiff provides multiple phone numbers from which the calls were allegedly placed, but does not allege any facts connecting those phone numbers to Defendant. *See* ECF No. 1, ¶¶ 30, 32, 49.

Further, while Plaintiff alleges—upon information and belief only—that Defendant used the "fake name" "Debt Relief Group" on the alleged calls to "avoid detection," such allegations are entirely conclusory and unsupported by any facts that could lead to a plausible inference that such a practice was employed. *See* ECF No. 1, ¶¶ 33, 39, 54. Accordingly, Plaintiff's conclusory allegations are inadequate to state a claim for direct TCPA liability, and the Complaint should be dismissed in its entirety under Rule 12(b)(6) on this basis alone.

### 2. Plaintiff Does Not Allege Any Facts to Support an "Agency" Relationship Between Defendant and the Purported Caller.

While it does not appear that Plaintiff attempts to assert a vicarious liability claim against Defendant, to the extent he does, this claim fails as well.

Vicarious liability cannot be casually pled. Rather, Plaintiff must first allege facts supporting an agency relationship between Defendant and any third party that allegedly placed the calls. *See Murray*, 2015 WL 4204398, at *5-6 (dismissing where plaintiff did not plead facts supporting vicarious TCPA liability). Federal courts apply common law agency principles to determine vicarious TCPA liability. *See Keating v. Peterson's Nelnet, LLC*, 2014 WL 1891369, at *4–5 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365 (6th Cir. 2015). "[A]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Keating,* 615 F.App'x at 372  (quoting Restatement § 1.01).

Moreover, in the TCPA context, courts have widely held that vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g., Jones v. Royal Admin. Servcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018); *see also Keating*, 615 F.App'x at 372. To adequately plead "control," Plaintiff must plead specific non-conclusory facts suggesting that the defendant had control over "the means and details of" the solicitation campaign that was conducted, and not just general "control" over an

11

alleged agent. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023).

Here, Plaintiff does not allege any facts demonstrating the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. *See Jones*, 887 F.3d at 450. The only "facts" Plaintiff alleges to connect Defendant to "Debt Relief Group" are Plaintiff's unsupported contention that Defendant used the "fake name" "Debt Relief Group" on the alleged calls to "avoid detection." *See* ECF No. 1, ¶¶ 33, 39, 54. Indeed, Plaintiff does not allege that Defendant had any relationship with, connection to, or control over "Debt Relief Group," but nevertheless concludes without support that "Debt Relief Group" is Defendant itself. As explained *supra*, this does not support direct liability, and certainly cannot support vicarious liability where no facts of a relationship or control are alleged.

Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for this reason as well. *See, e.g., Kern v. VIP Travel Servs.*, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017) (dismissing where plaintiff did not allege "facts from which to infer an agency relationship"); *Cunningham,* 2021 WL 1946645, at *4 (plaintiff "must allege some factual predicate that gives rise to an inference of an agency relationship").

**B. <u>Plaintiff Fails To Plead Facts Supporting Other Elements of His Claims.</u>**

Beyond the fatal threshold issues discussed above, Plaintiff's artificial or prerecorded voice claim under Section 227(b) and Plaintiff's DNC Registry claim under Section 227(c) of the TCPA fail for several additional reasons[1]:

**1. Plaintiff Fails to Adequately Allege Use of an Artificial or Prerecorded Voice to Support his 227(b)[2] Claim.**

To state a Section 227(b) claim, a "complaint must include some factual

---

[1] As discussed *infra* in Section I.B., Plaintiff's failure to adequately plead these claims is also fatal to his ability to serve as class representative. Because Plaintiff does not adequately allege that the call utilized a prerecorded voice to his "residential" line, he is not a member of his own "Robocall Class." *See* ECF No. 1 ¶ 66. Because Plaintiff does not adequately allege that he received [at most one] "telephone" solicitation to his "residential" number, he is not a member of his own "National Do Not Call Registry Class." *See id.* As such, Plaintiff lacks standing to bring these claims and is an inadequate class representative. Consequently, his proposed class allegations should be stricken under Rules 12(f) and 23. *See, e.g., Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class"); *Berger v Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014) ("Because he is not a member of those subclasses, [the plaintiff] cannot prosecute claims on their behalf.").

[2] Plaintiff purports to bring his artificial or prerecorded voice claim under Section 227(b)(1)(B) and/or Section 227(b)(1)(A)(iii). *See* ECF No. 1 ("First Cause of Action"). Yet, Plaintiff does not allege that the calls were made to his cell phone or that he was charged for the calls. Accordingly, Plaintiff's claim under the latter provision fails. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (applying only to artificial or prerecorded voice calls to a "telephone number assigned to a … *cellular telephone service*… or any service for which the called party is *charged for the call*." *See* 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added); *Hirsch v. Fortegra Fin. Corp.*, 2018 WL 4760801, at *3 (M.D. Fla. June 26, 2018), *report and rec. adopted*, 2018 WL 4759895 (M.D. Fla. July 30, 2018) ("The undersigned recommends that this single conclusory allegation, which does not allege that Plaintiff was actually charged for the subject calls or provide any meaningful information regarding how Plaintiff was charged for the VoIP service, is insufficient."). To the contrary, as discussed

allegations beyond 'the call had a prerecorded [or artificial] voice.'" *Smith v. Pro Custom Solar LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021). Plaintiff cannot simply parrot the statutory text or applicable case law in this regard, and "must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used." *See, e.g., Manopla v. Sansone Jr's 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) (dismissing § 227(b) claim where plaintiff failed to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message and conclusory allege[d] that Defendant utilized a pre-recorded message"); *Curry v. Synchrony Bank, N.A.,* 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'"); *Smith v. Pro Custom*, 2021 WL 141336, at *3 ("Absent some minimal description of the voice or message, Smith has put forward no more than a conclusion—not any factual allegations that allow me to infer a right to relief. For that reason, his [complaint] fails to state a claim for TCPA liability based on a prerecorded voice."). Simply put, Plaintiff must allege sufficient contextual details to support an inference that a prerecorded voice was actually used. He fails to do so.

---

*infra*, Plaintiff alleges that the alleged calls were made to his "residential" landline. *See* ECF No. ¶ 24 ("The number is a residential telephone line because it is assigned to a residential telephone exchange service[.]").

Plaintiff's Complaint is devoid of any details describing the actual pattern, tone, cadence, sound, or any other context that would suggest use of a prerecorded voice. Plaintiff apparently relies on the allegation that he attempted to provoke the caller into responding emotionally to Plaintiff's "vulgarity," but this provides the Court with nothing upon which to base an inference that prerecorded voice technology was actually used. *See* ECF No. 1, ¶¶ 34, 57. At best, this shows the alleged caller may have had a calm demeanor. While Plaintiff alleges that the voice sounded "scripted," he provides no contextual details supporting his reason for believing it was not a live human. *See* ECF No. 1, ¶ 57. This is insufficient. *See, e.g., Hicks v. Alarm.com Inc.,* 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (allegations about "generic" message insufficient to support inference call was prerecorded, without more). As such, Plaintiff's prerecorded or artificial voice claim should be dismissed on this basis as well.

### 2. Plaintiff Fails to Adequately Allege Use of a "Residential" Line, An Essential Element of Both His Section 227(b) and 227(c) Claims.

The TCPA's artificial or prerecorded voice and National DNC Registry provisions apply only to "residential" numbers. 47 U.S.C. §§ 227(b)(1)(B), 227(c)(5). To survive dismissal, Plaintiff must allege ***facts*** showing that the phone number is ***actually used*** for "residential" purposes. *See, e.g., Cunningham v. Rapid Capital Funding, LLC/RCF,* 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and rec. adopted,* 2017 WL 3776165 (Aug. 31, 2017) (dismissing); *see also Morgan v.*

15

*U.S. Xpress, Inc.,* 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) (dismissing similar TCPA claim, holding plaintiff's characterizations that her number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute"). This is true even if the phone number is allegedly registered on the National DNC Registry. *See, e.g., Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020*)* (dismissing despite registration where plaintiff did not allege the "cell phone line in question is his residential phone, as required"); *Hicks v. Alarm.com Inc*., 2020 WL 9261758, at *5 (E.D. Va. Aug. 8, 2020) ("Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry … but his argument never returns to the facts of ***this*** case or the use of his phone.") (emphasis original).[3] Indeed, "[t]hese are facts that are easily within the knowledge of [Plaintiff] and can be pleaded to remove any doubt about … whether [their] number[] [is] for residential use." *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4.

Here, Plaintiff's generic allegations that he uses his phone for "personal, residential, and household reasons" and that it "is not assigned to a telephone exchange service for business" are insufficient, standing alone, to support that the telephone is a "residential" number. *See, e.g., Hicks*, 2020 WL 9261758, at *5

---

[3] *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4; *Cunningham v. Politi,* 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019); *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (all dismissing DNC claims under Rule 12(b)(6) on this basis).

(dismissing TCPA case where plaintiff alleged his number was "not associated with a business and is for personal use"); *Rogers v. Assurance IQ, LLC,* 2023 WL 2646468, at \*4 (holding alleged "personal" use of the subject number was insufficient to plead this element); *Gillam,* 2023 WL 2163775, at \*4 (ruling similarly).

Moreover, courts have recognized that whether someone is a "residential telephone subscriber" depends on certain conditions, such as whether the number "is the ***primary means of reaching the individual at their residence—that is, there is no other landline or phone at their residence*** which is instead the primary means of reaching them." *Mantha v. QuoteWizard.com*, 2022 WL 325722, at \*6 (D. Mass. Feb. 3, 2022) (emphasis added).

Here, Plaintiff does not allege that the subject phone number is the primary means of reaching him at his residence. *Id*.; *see also* ECF No. 1 ¶¶ 23-26. Indeed, while Plaintiff alleges that his phone number is "residential," he has made identical allegations in other TCPA cases involving multiple different phone numbers. Compare ECF No. 1 ¶ 23 (allegations as to the subject number, 734-\*\*\*-1212) with *Dobronski v. Endeavor Business Media, LLC*, Case No. 2:25-cv-11581, ECF No. 1 ¶ 9 (E.D. Mich. May 29, 2025) (alleging his "residential" number is 734-\*\*\*-2300); *Dobronski v. Stay Safe Alert, Inc. et al*., Case No. 2:24-cv-12746, ECF No. 1 ¶ 32 (E.D. Mich. October 17, 2024) (alleging his "residential" numbers are 734-\*\*\*-1212, 734-\*\*\*-2172, 734-\*\*\*-2175, and 734-\*\*\*-2177); *Dobronski v. Ideal Concepts, Inc.*

17

*et al.*, Case No. 2:24-cv-12807, ECF No. 1 ¶ 32 (E.D. Mich. October 24, 2024) (alleging his "residential" number is 734-***-2177); *Dobronski v. Medguard Alert, Inc. et al.*, Case No. 2:24-cv-12940, ECF No. 10 ¶ 30 (E.D. Mich. Nov. 5, 2024) (alleging his "residential" numbers are 734-***-2174, 734-***-2175, 734-***-2177, and 321-***-0911). All of these allegations were made in complaints filed within the last year. Even construing the facts most favorably to Plaintiff, only one of these numbers can serve as the "primary" means of reaching Plaintiff at his residence. *Mantha*, 2022 WL 325722, at *6.

In sum, because Plaintiff fails to plausibly allege facts showing that his phone number was "residential," both his Section 227(b) and Section 227(c) claims must be dismissed.

### 3. Plaintiff Fails to Adequately Allege He Received a "Telephone Solicitation" to Support His Section 227(c) Claim.

A DNC Registry claim requires Plaintiff to have received "more than one" "telephone solicitation." *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15).

Federal courts have regularly dismissed TCPA DNC claims where the plaintiff fails to plead sufficient facts demonstrating that the calls they received fit this definition. *See*, *e.g.*, *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL

4228149, at *3–4 (E.D. Pa. Sept. 17, 2024) (dismissing DNC claim where plaintiff "only plead[ed] [that] 'the purpose of the [subject] call was to sell the Plaintiff health insurance" "without 'further factual enhancement'"); *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at *3 (E.D. Mich. Sept. 12, 2023) (dismissing DNC claim where plaintiff did not sufficiently allege the content of the calls at issue, such that the court could infer his receipt of an actionable "telephone solicitation" within the meaning of the regulations) (citing, *inter alia, Katz v. CrossCountry Mortg., LLC*, 2022 WL 16950481, at *6 (N.D. Ohio Nov. 15, 2022)); *see also Eggleston v. Reward Zone USA LLC*, 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022); *Gillam,* 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023); *Michael Dahdah v. Rocket Mortgage, LLC*, Case No. 4:22-cv-11863-FKB-DRG, ECF No. 26 at 8-10 (E.D. Mich. Sept. 23, 2023) (**J. Behm**).[4]

Plaintiff does not plead facts suggesting that he was actually solicited to

---

[4] Plaintiff's scant allegations are also insufficient to support an inference that the alleged calls were "telemarketing," as Plaintiff contends in relation to his artificial or prerecorded voice claim. *See* ECF No. 1 ¶¶ 22, 60. The TCPA defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). Courts have dismissed Section 227(b) claims under Rule 12(b)(6) where, as here, the plaintiff did not sufficiently allege the calls or texts at issue constituted telemarketing as defined by the TCPA. *See, e.g., Wick v. Twilio Inc.,* 2016 WL 6460316, at *3 (W.D. Wash. Nov. 1, 2016) (granting motion to dismiss because plaintiff failed to adequately allege the text message at issue constituted "telemarketing," as it was in response to plaintiff's inquiry by submitting an online form).

purchase Defendant's services during any of the alleged calls. Indeed, Plaintiff alleges only that the caller (i.e., "Jessica" from "Debt Relief Group") stated that she "got [Plaintiff's] information for debt settlement" and Plaintiff "might be eligible for a program that could lower [his debt]"; Plaintiff then answered questions about his debt history and "status." ECF No. 1 ¶¶ 36, 40, 43. Further, Plaintiff does not allege that "Denise," allegedly from "Credit & Debt," ever tried to sell Plaintiff a product or service; instead, he alleges that "Denise" asked him questions about "his debt status, demographic information along with personal information." ECF No. 1, ¶ 43. Moreover, Plaintiff was only connected with "Denise" after being transferred by two other individuals not associated with Defendant—three steps removed from the alleged initial call. *See* ECF No. 1, ¶¶ 32-44. In sum, there are no factual allegations from which to infer Plaintiff was encouraged to ***pay for or purchase anything*** by any of the individuals, let alone by Defendant. The multiple well-reasoned authorities cited above show that such conclusory allegations, without more, are insufficient to plausibly allege receipt of a "telephone solicitation." *See Eggleston* and *Gillam*, *supra*.

In sum, Plaintiff fails to plausibly allege that he received any, let alone "more than one," "telephone solicitation" in violation of the TCPA's DNC provisions. Thus, his DNC Registry claim should be dismissed for this additional reason.

### C. Plaintiff Does Not Allege Willful or Knowing Violation of the TCPA.

The Complaint's prayer for treble damages is also subject to dismissal under

Rule 12(b)(6) because Plaintiff fails to allege any factual content suggesting that Defendant engaged in "willful" or "knowing" violations of the TCPA. *See* ECF No. 1, ¶¶ 76, 85. The TCPA allows a court to treble an award of damages under the TCPA "if the fact-finder determines [defendant] 'willfully or knowingly violated' the Telephone Consumer Protection Act." *Weingrad v. Top Healthcare Options Ins. Agency Co.,* 2024 WL 4228149, at *5 (E.D. Pa. Sept. 17, 2024) (citing 47 U.S.C. § 227(b)(3)(C)). However, Plaintiff's allegations regarding whether Defendant's alleged conduct was "willful" or "knowing" are entirely conclusory and these claims for treble damages must be dismissed as well. *See, e.g., Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations, in part, because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1107 (11th Cir. 2015) ("[T]he bare assertion in [plaintiff's] complaint that the defendants 'willfully' and 'knowingly' violated the [TCPA] was a legal conclusion, not an allegation of fact that we must accept as true.").

## <u>CONCLUSION</u>

For all the reasons above, the Complaint should be dismissed.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: August 22, 2025        By: */s/ Jonathan F. Karmo*
                                              Jonathan F. Karmo (P76768)
                                              450 West Fourth Street
                                              Royal Oak, MI 48067
                                              Phone: (248) 645-1483
                                              jfk@h2law.com
                                              *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 22, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Jonathan F. Karmo*

22