## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually
and on behalf of a class of all persons
and entities similarly situated,                    Case No. 4:25-cv-11777-FKB-EAS
                                                    District Judge F. Kay Behm
         Plaintiff,                                 Mag. Judge Elizabeth A. Stafford
v.

CREDIT SWAG VENTURES, INC.
DBA CREDIT & DEBT,

         Defendant.

---

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
### FIRST AMENDED COMPLAINT

Defendant Credit Swag Ventures, Inc., d/b/a Credit & Debt ("Defendant")
hereby respectfully moves to dismiss the First Amended Complaint (*see* ECF No. 12,
"FAC") filed by Plaintiff Mark Dobronski ("Plaintiff") in this matter, in its entirety
and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, to strike
Plaintiff's facially uncertifiable class allegations, pursuant to Fed. R. Civ. P. 12(f)
and/or 23

The specific bases and authority for this Motion are more fully set forth in the
attached Brief in Support, which is incorporated herein by reference.

Pursuant to Local Rule 7.1, the undersigned certifies that counsel for Defendant
conferred with counsel for Plaintiff, through e-mail on September 18, 2025 and

September 19, 2025, and by phone on September 19, 2025, regarding the grounds for this Motion and whether Plaintiff would concur with the relief sought herein prior to filing same. Plaintiff's counsel stated that Plaintiff does not consent to the relief requested herein, and opposes this motion.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: September 22, 2025          By: */s/ Jonathan F. Karmo*
                                   Jonathan F. Karmo (P76768)
                                   450 West Fourth Street
                                   Royal Oak, MI 48067
                                   Phone: (248) 645-1483
                                   jfk@h2law.com
                                   *Attorneys for Defendant*

## ISSUES PRESENTED

1. Whether Plaintiff has adequately pled a claim for relief against Defendant under Fed. R. Civ. P. 12(b)(6). Defendant answers: "No."

2. Whether Plaintiff has pled facts demonstrating his standing to seek injunctive relief under Fed. R. Civ. P. 12(b)(1). Defendant answers: "No."

3. Whether Plaintiff's class allegations should be stricken from the FAC under Fed. R. Civ. P. 12(f) and/or 23. Defendant answers: "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Boyer v. Diversified Consultants, Inc.,* 306 F.R.D. 536 (E.D. Mich. 2015)

- *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730 (E.D. Mich. Sept. 12, 2023)

- *Dobronski v. Russo*, 2024 WL 4363118 (E.D. Mich. Sept. 30, 2024)

- *Dobronski v. Tobias & Assocs*., 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023)

- *Dobronski v. Total Ins. Brokers, LLC*, 2021 WL 4338957 (E.D. Mich. May 14, 2021)

- *Green v. Liberty Ins. Corp.,* 2016 WL 1259110 (E.D. Mich. Mar. 30, 2016)

- *Keating v. Peterson's Nelnet, LLC,* 615 F.App'x 365 (6th Cir. 2015)

- *Kern v. VIP Travel Servs.*, 2017 WL 1905868 (W.D. Mich. May 10, 2017)

- *Lucas v. Telemarketer*, 2019 WL 3021233 (6th Cir. May 29, 2019)

- *Michael Dahdah v. Rocket Mortgage, LLC*, Case No. 4:22-cv-11863-FKB-DRG, ECF No. 26 (E.D. Mich. Sept. 23, 2023)

- *Oom v. Michaels Cos. Inc.,* 2017 WL 3048540  (W.D. Mich. July 19, 2017)

- *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011)

- *Randleman v. Fid. Nat'l Title Ins. Co.,* 646 F.3d 347 (6th Cir. 2011)

- *Williams v. CitiMortgage, Inc.,* 498 F. App'x 532 (6th Cir. 2012)

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................................1

PROCEDURAL HISTORY AND RELEVANT FAC ALLEGATIONS.................3

ARGUMENT .......................................................................................................5

I.  THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA. ......................................................5

    A. Plaintiff's FAC Does Not Plausibly Allege Any Theory of Liability Against Defendant. ......................................................................................6

        1. Plaintiff Does Not Plausibly Allege that Defendant Physically Placed the Subject Calls, as Required to Plead Direct Liability........................7

        2. Plaintiff Does Not Allege Any Facts to Support an "Agency" Relationship Between Defendant and the Purported Caller. ..............11

    B. Plaintiff Fails To Plead More Than One "Telephone Solicitation" as Required for a National DNC Registry Claim. .......................................12

    C. There is No Private Right of Action for Alleged Violations of 47 C.F.R. Section 64.1601(e). ...............................................................................15

    D. Plaintiff Does Not Allege Willful or Knowing Violations of the TCPA.19

II. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING. ..............................20

III.ALTERNATIVELY, PLAINTIFF'S CALLER ID CLASS SHOULD BE STRICKEN UNDER RULEs 12(f) AND 23. ..................................................22

CONCLUSION ..................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### CASES

*Alan v. BrandRep, Inc.*,
2016 WL 10988679 (C.D. Cal. Nov. 28, 2016) ..................................................19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................5, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................5

*Boyer v. Diversified Consultants, Inc.*,
306 F.R.D. 536 (E.D. Mich. 2015) ....................................................................23

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019) ...................................................20

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) .......................................................8

*Cunningham v. Daybreak Solar Power, LLC*,
2023 WL 3985245 (N.D. Tex. June 13, 2023) ...................................................12

*Dahdah v. Rocket Mortgage LLC*,
2023 WL 5941730 (E.D. Mich. Sept. 12, 2023) ................................................13

*Dobronski v. CHW Grp., Inc.*,
2025 WL 2426370 (E.D. Mich. Aug. 21, 2025)..................................................18

*Dobronski v. Russo*,
2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ..............................................6, 7

*Dobronski v. Selectquote Ins. Servs.*,
773 F. Supp. 3d 373 (E.D. Mich. 2025) .............................................................18

*Dobronski v. Tobias & Assocs.*,
2023 WL 7005844 (E.D. Mich. Sept. 25, 2023) ................................................17

*Dobronski v. Total Ins. Brokers, LLC*,
2021 WL 4338957 (E.D. Mich. May 14, 2021) ..................................................20

*Dobronski v. Transamerica Life Ins. Co.*,
347 Mich. App. 92 (2023) ............................................................................17, 18

*Doyle v. GoHealth, LLC*,
2023 WL 3984951 (D.N.J. Mar. 30, 2023) ........................................................10

*Eggleston v. Reward Zone USA LLC*,
  2022 WL 886094 (C.D. Cal. Jan. 28, 2022) ......................................................13

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ....................................................7

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982).............................................................................................22

*Gillam v. Reliance First Cap., LLC*,
  2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ....................................................13

*Green v. Liberty Ins. Corp.*,
  2016 WL 1259110 (E.D. Mich. Mar. 30, 2016)...............................................22

*In re Erie Islands Resort & Marina*,
  580 B.R. 731 (Bankr. N.D. Ohio 2017) ...............................................................4

*In re Joint Petition filed by Dish Network, LLC*,
  2013 WL 1934349, 28 F.C.C Rcd. 6574 ..............................................................7

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
  Report and Order, 7 F.C.C. Rcd. 8752 (1992)...................................................16

*Jones v. Royal Admin. Servcs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ......................................................................11, 12

*Keating v. Peterson's Nelnet, LLC*,
  2014 WL 1891369 (N.D. Ohio May 12, 2014) .................................................11

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
  780 F.3d 1101 (11th Cir. 2015) .........................................................................20

*Loper Bright Enters. v. Raimondo*,
  603 U.S. 369 (2024).............................................................................................15

*Lucas v. Telemarketer Calling from (407) 476-5680*,
  2019 WL 3021233 (6th Cir. May 29, 2019)....................................................6, 7

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025) ......................................................9

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
  606 U.S. 146 (2025)......................................................................................18, 19

*Michael Dahdah v. Rocket Mortgage, LLC*,
  Case No. 4:22-cv-11863-FKB-DRG (E.D. Mich. Sept. 23, 2023)) ..................13

*Miller v. Time Warner Cable Inc.*,
   2016 WL 7471302 (C.D. Cal. Dec. 27, 2016)....................................................21

*Murray v. Choice Energy, LLC*,
   2015 WL 4204398 (S.D. Ohio July 10, 2015)..............................................7, 11

*Nelums v. Mandu Wellness, LLC*,
   2023 WL 5607594 (D.N.M. Aug. 30, 2023) ......................................................6

*Nicosia v. Amazon*,
   834 F.3d 220 (2d Cir. 2016) ................................................................21

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)............................................................................21

*Oom v. Michaels Cos. Inc.*,
   2017 WL 3048540 (W.D. Mich. July 19, 2017)..............................................22

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ................................................................22

*Randleman v. Fid. Nat'l Title Ins. Co.*,
   646 F.3d 347 (6th Cir. 2011) ................................................................23

*Rogers v. Assurance IQ, LLC*,
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)..............................................12

*Rules and Regulations Implementing the Telephone Consumer Protection
   Act (TCPA) of 1991*,
   68 FR 44144-01, 2003 WL 21713245 ........................................................16, 20

*Sauter v. CVS Pharmacy, Inc.*,
   2014 WL 1814076 (S.D. Ohio May 7, 2014)....................................................22

*Scruggs v. CHW Grp., Inc.*,
   2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ................................................8, 9

*Sherrod v. Enigma Software Grp. USA, LLC*,
   2016 WL 25979 (S.D. Ohio Jan. 4, 2016)........................................................22

*Sowders v. Scratch Fin., Inc.*,
   2023 WL 7525900 (S.D. Ohio Nov. 14, 2023) ................................................22

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014)............................................................................21

*Trujillo v. Free Energy Savs. Co., LLC*,
   2020 WL 7768722 (C.D. Cal. Dec. 21, 2020)..............................................14, 15

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
  2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) ............................................... 13, 20

*Wick v. Twilio Inc.*,
  2016 WL 6460316 (W.D. Wash. Nov. 1, 2016) ................................................. 13

*Williams v. CitiMortgage, Inc.*,
  498 F.App'x 532 (6th Cir. 2012) ....................................................................... 5

*Worsham v. Discount Power, Inc*,
  2016 WL 4592373 ............................................................................................ 17

## STATUTES

47 U.S.C. § 227(b) ...................................................................................... 5, 13, 15

47 U.S.C. § 227(b)(1)(A)(iii) ................................................................................ 6

47 U.S.C. § 227(b)(1)(B) ...................................................................................... 5

47 U.S.C. § 227(b)(3)(C) ..................................................................................... 20

47 U.S.C. § 227(c) ....................................................................................... passim

47 U.S.C. § 227(c)(1) ........................................................................................... 16

47 U.S.C. § 227(c)(2) ........................................................................................... 16

47 U.S.C. § 227(c)(5) ........................................................................................... 15

47 U.S.C. § 227(d) ............................................................................................... 17

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c) ........................................................................................ 12

47 C.F.R. § 64.1200(c)(2) ...................................................................................... 6

47 C.F.R. § 64.1200(f)(13) .................................................................................. 13

47 C.F.R. § 64.1200(f)(15) .................................................................................. 13

47 C.F.R. § 64.1601(e) ................................................................................. passim

47 C.F.R. § 64.1601(e)(1) .................................................................................... 24

## <u>BRIEF IN SUPPORT OF MOTION</u>

## <u>INTRODUCTION</u>

On August 25, 2025, the Court granted Plaintiff an opportunity to amend his pleading, ECF No. 11 ("Order"). In response, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 12. Yet, despite having an opportunity to consider Defendant's initial Motion to Dismiss (ECF No. 10), Plaintiff's FAC still fails to remedy several critical shortcomings. The FAC still contains only conclusory allegations purporting to connect Defendant to the calls at issue, and the facts alleged are inadequate to show violation of the National "Do-Not-Call" ("DNC") Registry provisions of the Telephone Consumer Protection Act ("TCPA") and its related implementing regulations. Moreover, Plaintiff now adds a "claim" for purported violations of the Caller ID regulations under 47 C.F.R. § 64.1601(e). But no private right of action exists for such claim.

Plaintiff's FAC should be dismissed[1] for at least the following reasons:

**<u>First</u>**, the FAC should be dismissed under Rule 12(b)(6) for failure to state a plausible TCPA claim. To successfully plead **_any_** TCPA claim, Plaintiff must first allege a viable theory of liability—_i.e.,_ direct or vicarious liability. Here, Plaintiff fails to plead sufficient non-conclusory facts supporting a plausible inference either

---

[1] Since Plaintiff has already had the chance to amend, dismissal should be with prejudice. _See, e.g., Morse v. McWhorter,_ 290 F.3d 795, 800 (6th Cir. 2002).

1

that: (i) Defendant itself, and not a third party, "physically" took steps to place each of the subject calls to him directly (i.e., direct TCPA liability); or (ii) Defendant was in a common law agency with, and had "control" over, any third party who physically called Plaintiff (i.e., vicarious TCPA liability).

**Second**, Plaintiff also fails to plead sufficient facts supporting essential elements of his National DNC Registry claim. Specifically, Plaintiff fails to include non-conclusory facts showing that he received more than one "telephone solicitation," as defined by the TCPA's implementing regulations, "by or on behalf of the same entity" in a 12-month period.

**Third**, Plaintiff's "claim" for alleged violations of the Caller ID requirements under FCC regulations, 47 C.F.R. § 64.1601(e) is not enforceable by private right of action, and should likewise be dismissed under Rule 12(b)(6).

**Fourth**, Plaintiff seeks treble damages without pleading any supporting facts suggesting that any of the alleged TCPA violations was "willful" or "knowing." Conclusory allegations are insufficient and should be dismissed under Rule 12(b)(6).

**Fifth**, Plaintiff lacks Article III standing to seek injunctive relief, as he has not alleged any facts showing imminent risk of future injury. Therefore, Plaintiff's claim for injunctive relief should be dismissed under Rule 12(b)(1).

Alternatively, while the entire FAC is ripe for dismissal, should the Court permit the FAC to proceed, Plaintiff's Caller ID class allegations are so facially

improper that the proposed class is uncertifiable as pled and should be stricken under
Rules 12(f) and 23.

### PROCEDURAL HISTORY AND RELEVANT FAC ALLEGATIONS

Plaintiff filed his original Complaint on June 12, 2025. *See* ECF No 1.
Defendant filed a Motion to Dismiss Plaintiff's Complaint on August 22, 2025. *See*
ECF No. 10. In response, Plaintiff filed an Amended Complaint on September 8,
2025. *See* ECF No. 12. Defendant now brings this Motion to Dismiss and/or Strike
Plaintiff's FAC.

In pertinent part, Plaintiff's FAC alleges that his phone number (734) XXX-
XXXX was registered on the National DNC Registry on June 29, 2003. ECF No. 12
¶¶ 29, 35. Plaintiff contends this number is a "residential telephone line" which he
uses for "personal, residential, and household reasons." *Id*. ¶¶ 30-34.

According to Plaintiff, he received "at least five" alleged calls "from the
Defendant" on April 3, 2025, with at least one call "us[ing] an artificial voice." *Id*. ¶¶
38-40. Plaintiff alleges details relating to only one call, on April 3, 2025, initiated by
"Jessica from . . . Debt Relief Group." *Id*. ¶ 42. "Jessica" allegedly stated "I got your
information for debt settlement and it seems like you might be eligible for a program
that could lower your debt. Do you currently owe more than ten thousand in debt?"
*Id*. ¶ 46. When Plaintiff answered "yes," Jessica allegedly responded "ok, great. Now
let me transfer your call to our verification department to discuss all of your available

options, okay?" *Id*. ¶ 49. Then, "Jessica" allegedly transferred the call to "Jacob" also "from . . . Debt Relief Group," who proceeded to "ask[ ] . . . Plaintiff a series of questions" relating to his debt. *Id*. ¶ 53. Plaintiff was then allegedly transferred to a third individual named "Denise" who identified herself "as being from Credit & Debt." *Id*. ¶ 55. Plaintiff alleges he received an email "from Defendant Credit & Debt" thereafter, offering him a free membership. *Id*. ¶ 62, Ex. A.

While Plaintiff alleges the Caller IDs from which he received calls, he alleges no facts suggesting that any of these numbers belonged to Credit & Debt. *Id*. ¶¶ 38-68. Plaintiff also contends that Defendant "spoofed" its Caller IDs, and placed "call[s] without transmitting CPN or ANI, or [called] while transmitting non-compliant CPN or ANI." *Id*. ¶¶ 21-25, 52, 68, 72, 82-85, 94, 120-126.

In addition to the "Robocall," *id*. ¶¶ 110-114, and "National Do Not Call Registry,"[2] *id*. ¶¶ 115-119, claims from the original complaint, Plaintiff now also purports to bring a "Caller ID" claim on behalf of himself and a putative class, defined as follows:

> All persons within the United States to whom: (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller

---

[2] Plaintiff seeks to represent a "National Do Not Call Registry Class" of individuals who received "text message[s]." ECF No. 12 ¶ 94. However, Plaintiff does not allege he received any text messages and, therefore, lacks standing to represent such a class. *See In re Erie Islands Resort & Marina*, 580 B.R. 731, 738 (Bankr. N.D. Ohio 2017) ("Under Fed.R.Civ.P. 23, the class representative must be a member of the class he claims to represent.").

identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

*Id*. ¶ 94.

## **APPLICABLE LEGAL STANDARDS**

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim for relief. Under this rule, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, while a court must generally accept well-pled factual allegations as true, it "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532, 536 (6th Cir. 2012).

## **ARGUMENT**

## I.   **THE FAC SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UNDER THE TCPA.**

The FAC seeks to assert three causes of action: (1) violation of Section 227(b) of the TCPA, which prohibits "initiat[ing] any telephone call to any residential

5

telephone line using an artificial or prerecorded" without "prior express written consent," Section 227(b)(1)(B), and/or calls made to a telephone number "assigned to a cellular telephone service . . . or any service for which the called party is charged for the call," Section 227(b)(1)(A)(iii); (2) violation of Section 227(c) of the TCPA, which prohibits "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry, Section 227(c)(5), 47 C.F.R. § 64.1200(c)(2); and (3) violation of FCC regulations on Caller ID requirements, 47 C.F.R. § 64.1601(e), which Plaintiff styles as a TCPA violation. As shown below, Plaintiff's claims fail for several reasons.

A. **Plaintiff's FAC Does Not Plausibly Allege Any Theory of Liability Against Defendant.**

To bring a TCPA claim of any kind, Plaintiff must plausibly allege one of two potential theories of liability against Defendant: (1) direct liability or (2) vicarious liability. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019). Failure to do so warrants dismissal of Plaintiff's TCPA claims in their entirety. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023); *Dobronski v. Russo*, 2024 WL

4363118, at *5 (E.D. Mich. Sept. 30, 2024). Despite amending, Plaintiff still does not plausibly allege either theory here.

### 1. Plaintiff Does Not Plausibly Allege that Defendant Physically Placed the Subject Calls, as Required to Plead Direct Liability.

Direct TCPA liability applies <u>only</u> to persons or entities that "initiate" telemarketing calls. *Lucas,* 2019 WL 3021233, at *5. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Murray v. Choice Energy*, *LLC*, 2015 WL 4204398, at *3 (S.D. Ohio July 10, 2015) (citing *In re Joint Petition filed by Dish Network, LLC,* 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26) (emphasis added). In other words, for direct TCPA liability to attach, Plaintiff must plausibly allege ***Defendant itself— not some unidentified third party—physically called him <u>directly</u>***. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019); *see also Dobronski*, 2024 WL 4363118, at *5 (Plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" to him was insufficient to plead a theory of TCPA liability); *Lucas,* 2019 WL 3021233, at *5-6.

Plaintiff still fails to allege any ***facts*** from which to infer that any of the calls

were actually, physically initiated by Defendant. Plaintiff's conclusory allegations that the alleged calls were "placed by the Defendant" or came "from the Defendant" are patently insufficient to avoid dismissal. *See* ECF No. 12, ¶¶ 38, 40–41*; see also Lucas*, 2019 WL 3021233, at *5-6 (recognizing that successfully pleading direct liability under the TCPA requires pleading plausible facts demonstrating that the defendant itself, and not a third party, <u>physically</u> placed the calls at issue); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (finding no direct liability where "there [were] no factual allegations that [d]efendant actually made the telephone call at issue," and holding that "[t]he mere conclusion that the [dialer used] belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call").

Plaintiff conclusorily alleges that during one call he spoke with two different persons from a company using the name "Debt Relief Group" before he was transferred to an individual by the name of "Denise," who "identif[ied] herself as being from Credit & Debt." ECF No. 12, ¶ 55. If anything, these allegations support the conclusion that a third-party and ***not*** "Credit & Debt" made the initial outbound call. Plaintiff's new allegation that he received a "C&D Intro Email" does not change this result. As Plaintiff admits, such email was received ***after*** Plaintiff was transferred to "Denise" with "Credit & Debt." *See* ECF No. 12, ¶ 62, Ex. A.

8

Accordingly, Plaintiff's conclusions are inadequate to support a plausible inference that the initial call, let alone any of the other calls, was placed by Defendant. *See, e.g.*, *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at *6-10 (E.D. Va. Nov. 12, 2020) (allegations that caller expressly stated he/she was "associated with" the defendant and identified defendant by name were insufficient for direct <u>or</u> vicarious TCPA liability, holding "this statement does not foreclose the possibility that a third party" made the call); *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025) (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant).

*Scruggs* is instructive on this point. There, as here, the sole allegation connecting the defendant to the calls was that the caller "identified himself as associated with [the defendant] and attempted to sell [the plaintiff] a home warranty." 2020 WL 9348208, at *6. The court dismissed, finding that this "lone link" to defendant was insufficient to plausibly allege any theory of liability against defendant under the *Iqbal* pleading standards. *Id*. at *10. The same result is warranted here.

Similarly, in *Matthews*, the plaintiff merely concluded that he "repeatedly received calls from [the defendant]." 2025 WL 1181789, at *3. The court held "this threadbare recitation" insufficient to state a direct TCPA liability claim. *Id*. Further, while the plaintiff identified the phone number from which the calls were placed, he "d[id] not link that phone number to [the defendant]." *Id*. The same deficiencies exist

here. Plaintiff provides multiple phone numbers from which the calls were allegedly placed, but does not allege any facts connecting those phone numbers to Defendant. *See* ECF No. 12, ¶¶ 38, 41, 63.

Further, while Plaintiff alleges—upon information and belief only—that Defendant used the "fake name" "Debt Relief Group" on the alleged calls to "avoid detection," such allegations are entirely conclusory and unsupported by any facts that could lead to a plausible inference that such a practice was employed. *See* ECF No. 12, ¶¶ 39, 42, 51, 58, 70, 72. Indeed, Plaintiff does not allege that Defendant owned or operated any of the phone numbers from which the alleged calls were received. *See* ECF No. 12, ¶¶ 38, 40–41; *see also Doyle v. GoHealth, LLC*, 2023 WL 3984951, at *4–6 (D.N.J. Mar. 30, 2023) (dismissing on this basis where plaintiff did "not allege that the number associated with the call [. . .] belonged to [d]efendant"). And Plaintiff's new allegations regarding Caller ID show only the contrary—i.e., the outpulse numbers are not connected to Defendant.[3] *See* ECF No. 12 ¶ 82. Plaintiff does not allege that he attempted to call these phone numbers at the time he received the alleged calls; he alleges only in a conclusory fashion that "none of the numbers permit a caller to call the number . . . . It is not possible to call any of those numbers

---

[3] Apparently, seeking to avoid this conclusion, Plaintiff asserts that Defendant was spoofing its caller IDs. See ECF No. 12 ¶¶ 38, 52, 64, 68, 72, 82, 83. Not only is this unsupported by fact, it is implausible in light of the facts alleged, which show that ***another*** entity (not Credit & Debt) made the initial call. *See*, *supra*, at 10.

back." ECF No. 12. ¶ 84. The FAC includes no factual details showing how Plaintiff would know this to be true. Accordingly, Plaintiff's allegations are inadequate to state a claim for direct TCPA liability, and the FAC should be dismissed in its entirety under Rule 12(b)(6) on this basis alone.

### 2. Plaintiff Does Not Allege Any Facts to Support an "Agency" Relationship Between Defendant and the Purported Caller.

While Plaintiff does not clearly attempt to assert a vicarious liability claim against Defendant, to the extent he does, this claim fails as well.

Vicarious liability cannot be casually pled. Rather, Plaintiff must first allege facts supporting an agency relationship between Defendant and any third party that allegedly placed the calls. *See Murray*, 2015 WL 4204398, at *5-6 (dismissing where plaintiff did not plead facts supporting vicarious TCPA liability). Federal courts apply common law agency principles to determine vicarious TCPA liability. *See Keating v. Peterson's Nelnet, LLC*, 2014 WL 1891369, at *4–5 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365 (6th Cir. 2015). "[A]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Keating,* 615 F.App'x at 372 (quoting Restatement § 1.01).

Moreover, in the TCPA context, courts have widely held that vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g., Jones v. Royal*

11

*Admin. Servcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018); *see also Keating*, 615 F.App'x at 372. To adequately plead "control," Plaintiff must plead specific non-conclusory facts suggesting that the defendant had control over "the means and details of" the solicitation campaign that was conducted, and not just general "control" over an alleged agent. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023).

Here, Plaintiff does not allege any facts demonstrating the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. *See Jones*, 887 F.3d at 450. The only "facts" Plaintiff alleges to connect Defendant to "Debt Relief Group" is Plaintiff's unsupported contention that Defendant used the "fake name" "Debt Relief Group" on the alleged calls to "avoid detection." *See* ECF No. 12, ¶¶ 39, 42, 51, 58, 70, 72. Indeed, Plaintiff does not allege that Defendant had any relationship with, connection to, or control over "Debt Relief Group," but nevertheless concludes without support that "Debt Relief Group" is Defendant itself. As explained *supra*, this does not support direct liability, and certainly cannot support vicarious liability where no facts of a relationship or control are alleged. Thus, Plaintiff's FAC should be dismissed under Rule 12(b)(6) for this reason as well.

### B. <u>Plaintiff Fails To Plead More Than One "Telephone Solicitation" as Required for a National DNC Registry Claim.</u>

A National DNC Registry claim requires Plaintiff to have received "more than

one" "telephone solicitation" to access the TCPA's private right of action under Section 227(c). *See* 47 U.S.C. § 227(c)(5); *see also* 47 C.F.R. § 64.1200(c). "[T]elephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15).

Federal courts have regularly dismissed TCPA National DNC Registry claims where the plaintiff fails to plead sufficient facts demonstrating that the calls they received fit this definition. *See*, *e.g.*, *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149, at *3–4 (E.D. Pa. Sept. 17, 2024) (dismissing National DNC Registry claim where plaintiff "only plead[ed] [that] 'the purpose of the [subject] call was to sell the Plaintiff health insurance" "without 'further factual enhancement'"); *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at *3 (E.D. Mich. Sept. 12, 2023); *see also Eggleston v. Reward Zone USA LLC,* 2022 WL 886094, at *7 (C.D. Cal. Jan. 28, 2022); *Gillam,* 2023 WL 2163775, at *3 (E.D.N.Y. Feb. 22, 2023); *Michael Dahdah v. Rocket Mortgage, LLC*, Case No. 4:22-cv-11863-FKB-DRG, ECF No. 26 at 8-10 (E.D. Mich. Sept. 23, 2023) (**J. Behm**).[4]

---

[4] Plaintiff's scant allegations are also insufficient to support an inference that the alleged calls were "telemarketing," as Plaintiff contends in relation to his artificial or prerecorded voice claim. *See* ECF No. 12 ¶¶ 28, 73, 88. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). Courts have dismissed Section 227(b) claims where, as here, the plaintiff did not sufficiently

Plaintiff still does not plead facts suggesting that he was actually solicited to purchase Defendant's services during *any* of the alleged calls. Indeed, Plaintiff provides details regarding a single call only, and as to that call alleges only that the caller (i.e., "Jessica" from "Debt Relief Group") stated that she "got [Plaintiff's] information for debt settlement" and Plaintiff "might be eligible for a program that could lower [his debt]"; Plaintiff then answered questions about his debt history and "status." ECF No. 12 ¶¶ 46, 53, 56. Further, Plaintiff does not allege that "Denise," allegedly from "Credit & Debt," ever tried to sell Plaintiff a product or service; instead, he alleges that "Denise" asked him questions about "his debt status, demographic information along with personal information." ECF No. 12, ¶ 56. Moreover, Plaintiff was only connected with "Denise" after being transferred by two other individuals not associated with Defendant—three steps removed from the alleged initial call. *See* ECF No. 12, ¶¶ 41-57; *see also* Section I.A.1., *supra*.

Defendant highlighted this deficiency in its initial Motion to Dismiss (ECF. No 10 at 18-20), yet Plaintiff's only attempt to address these shortcomings is the addition of another conclusory allegation that the alleged calls were "designed to induce purchase of Credit & Debt services." ECF No. 12, ¶ 73. But this is yet another

---

allege the calls at issue constituted telemarketing under the TCPA. *See, e.g., Wick v. Twilio Inc.,* 2016 WL 6460316, at *3 (W.D. Wash. Nov. 1, 2016) (granting motion to dismiss for plaintiff's failure to adequately allege the text message at issue constituted "telemarketing," as it was sent in response to plaintiff's inquiry by submitting an online form).

conclusion unsupported by facts. Plaintiff does not even allege that the call(s) were "designed to induce" *him* to make any purchase. Indeed, although unrelated to the initial call, the email shown in Plaintiff's Exhibit A offers Plaintiff a *free* membership with Credit & Debt. *See* ECF No. 12, ¶ 62, Ex. A. Based on the allegations concerning the actual content of the calls, it is clear that Plaintiff was not encouraged to ***pay for or purchase anything*** by any of the individuals, let alone by Defendant. A number of courts have found that communications offering free services do not constitute a "telephone solicitation." *See, e.g., Trujillo v. Free Energy Savs. Co., LLC*, 2020 WL 7768722 (C.D. Cal. Dec. 21, 2020) (granting summary judgment on plaintiff's National DNC Registry claim because text messages offering free weatherization services were not telephonic solicitations).

In sum, Plaintiff fails to plausibly allege that he received any, let alone "more than one," "telephone solicitation" in violation of the TCPA's DNC provisions. Thus, his DNC Registry claim should be dismissed for this additional reason.

## C. There is No Private Right of Action for Alleged Violations of 47 C.F.R. Section 64.1601(e).

The FAC purports to assert a claim under Section 227(c)(5) of the TCPA for violation of the Caller ID requirements of Section 64.1601(e).[5] However, Section

---

[5] Only two sections of the TCPA grant consumers a private right of action: the first applies only to Section 227(b)'s automated calling rules and the regulations promulgated thereunder, and the second applies only to regulations promulgated under Section 227(c). 47 U.S.C.§ 227(b)(3), (c)(5).

227(c)(5) only applies to violations of the regulations promulgated by the FCC under Section 227(c). That provision granted the FCC limited authority[6] to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object" ***"[w]ithin 120 days after December 20, 1991*.**" 47 U.S.C. § 227(c)(1) (emphasis added). Congress required the FCC to conclude this rulemaking proceeding and "prescribe regulations to implement methods and procedures for protecting the privacy rights described [above]" "***not later than 9 months after December 20, 1991***." 47 U.S.C. § 227(c)(2). The FCC held its rulemaking proceeding as prescribed by Section 227(c); this rulemaking concluded when the FCC issued its rules on October 16, 1992. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, Report and Order, 7 F.C.C. Rcd. 8752 (1992); *see also* Notice of Proposed Rulemaking, 7 FCC Rcd. 2736, CG Docket No. 92-90 (1992). The Caller ID regulations at issue here were promulgated by the FCC a full decade later, on July 25, 2003, under the Do-Not-Call Implementation Act. *See Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991*, 68 FR 44144-01, CG Docket No. 02-278, FCC 03-153, 2003 WL 21713245. While the FCC did not specify the particular statutory provision under which Section 64.1601(e) was

---

[6] Federal agencies can only act within the precise authority granted to them by Congress. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 396 (2024).

promulgated, it is clear from operation of time alone that this rulemaking is not within the purview of Section 227(c) or the FCC's grant of authority thereunder. Therefore, the Caller ID regulations cannot be enforced by the private right of action under Section 227(c)(5).

Relatedly, several courts have found that the Section 64.1601(e) regulations constitute technical and procedural standards promulgated under Section 227(d) of the TCPA, for which no private right of action exists. *See Worsham*, 2016 WL 4592373, at *4 (holding that "[a]ny violation of [Section] 64.1601(e) is a violation of technical and procedural standards [promulgated] under subsection *d* [of the TCPA, 47 U.S.C. § 227 *et seq*.], and . . . no private right of action exists under [Section 227(d)] of the TCPA."); *Dobronski v. Transamerica Life Ins. Co.,* 347 Mich. App. 92, 112, 114-115 (2023) ("[The Caller ID] regulation was likely promulgated under 47 USC 227(d), which similarly has technical requirements that support substantive protections found in other parts of the TCPA. This is how most courts have read 47 CFR 64.1601(e) in similar cases."); *Dobronski v. Tobias & Assocs*., 2023 WL 7005844, at *8 (E.D. Mich. Sept. 25, 2023), R&R adopted in part sub nom. 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) (same, relying on *Worsham* and *Transamerica Life*).

Moreover, "[c]ourts do not lightly infer a private right of action where the statutory basis for one is unclear." *Transamerica Life*, 347 Mich. App. at 112. Had Congress intended to create a private right of action under Section 227(d), then the

TCPA would have clearly stated that one exists. *Transamerica Life*, 347 Mich. App. at 113 (2023) ("[I]f a statute and its implementing regulations have expressly created a private right of action in one section, but have not expressly done so elsewhere, then it is highly improbable that Congress and the FCC absentmindedly forgot to mention an intended private action.").

The FAC cites two outlier cases to support Plaintiff's claim. *See* ECF No. 12 ¶¶ 24-25. The first, *Dobronski v. Selectquote Ins. Servs.*, 773 F. Supp. 3d 373 (E.D. Mich. 2025), was a summary judgment decision in which the court expressly noted that it was ruling against the majority of courts in finding a private right of action. However, the court's reasoning there is flawed. First, the court ignores the time limitations on the FCC's authority to implement regulations under Section 227(c), *supra* at 16-17. Second, the court assumed that the FCC had authority to implement Caller ID rules[7], and that such authority stemmed from Section 227(c). *Id.* at 376. Not so. The regulations in 47 C.F.R. § 1601(e) were promulgated via an entirely separate rulemaking with authority provided by the Do-Not-Call Implementation Act of 2003.[8] *See* Do-Not-Call Implementation Act, PL 108–10, 117 Stat 557 (March 11, 2003).

---

[7] A court cannot necessarily presume that the FCC was acting within its authority when issuing regulations. *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 156 (2025) ("[P]arties may always assail a regulation as exceeding the agency's statutory authority[.]").

[8] Defendant reserves its right to challenge whether the FCC acted within its authority in implementing the Caller ID regulations in 16 C.F.R. 64.1601(e).

The second case, *Dobronski v. CHW Grp., Inc*., merely followed *Selectquote*, *see* 2025 WL 2426370, at \*7 (E.D. Mich. Aug. 21, 2025), and should likewise be disregarded.

In sum, Section 227(c)(5) can only be used to enforce FCC regulations implemented under Section 227(c) of the TCPA **in 1992**. The Caller ID regulations issued in 2003, under an entirely separate rulemaking, are not "regulations prescribed under this subsection [(*i.e.*, Section 227(c))]," as required for a Section 227(c)(5) claim. 47 U.S.C. §227(c)(5). There is no binding, persuasive, or logical reason for this Court to ignore this codified restriction or depart from the majority approach to this issue. As such, Plaintiff's Caller ID claim should be dismissed.[9] [10]

### D. <u>Plaintiff Does Not Allege Willful or Knowing Violations of the TCPA.</u>

The FAC's prayer for treble damages is also subject to dismissal under Rule 12(b)(6) because Plaintiff fails to allege any factual content suggesting that Defendant

---

[9] If the Court dismisses Plaintiff's Caller ID claim, Plaintiff's other Caller ID allegations, ECF No. 12, ¶¶ 21-25, 52, 68, 72, 82-85, 94, 120-126, would be immaterial to Plaintiff's prerecorded call and National DNC Registry claims and should be stricken. Under Rule 12(f), this Court "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." *See, e.g., Alan v. BrandRep, Inc.*, 2016 WL 10988679, at \*3 (C.D. Cal. Nov. 28, 2016). As discussed, *supra*, these allegations are unsupported by fact, and permitting them to remain would also be prejudicial to Defendant.

[10] If the Court finds that a private right of action exists, Plaintiff's Caller ID claim should still be dismissed under Rule 12(b)(6) for failure to state a claim. As discussed in Section I.A.1, *supra*, Plaintiff's allegations concerning "spoofed" caller ID's are entirely conclusory and unsupported by facts.

engaged in "willful" or "knowing" violations of the TCPA. *See* ECF No. 12, ¶¶ 104, 113, 117, 124, 126. The TCPA allows a court to treble an award of damages under the TCPA "if the fact-finder determines [defendant] 'willfully or knowingly violated' the Telephone Consumer Protection Act." *Weingrad v. Top Healthcare Options Ins. Agency Co.,* 2024 WL 4228149, at *5 (E.D. Pa. Sept. 17, 2024) (citing 47 U.S.C. § 227(b)(3)(C)). Any alleged "willful" or "knowing" conduct must show intentional conduct that is tied to a specific TCPA violation; general allegations that calls were made are insufficient. *See, e.g., Dobronski v. Total Ins. Brokers, LLC*, 2021 WL 4338957, at *8 (E.D. Mich. May 14, 2021).

Plaintiff's allegations on "willful" or "knowing" conduct are still entirely conclusory after amendment. The only inference to be made from this absence of allegations despite Plaintiff having the opportunity to amend is that no facts exist to support such a violation as to *any* of Plainitff's three claims. As such, Plaintiff's claims for treble damages must be dismissed as well. *See, e.g., Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019) (dismissing claim for alleged willful/knowing TCPA violations, in part, because it "consist[ed] of nothing more than bare-bones legal conclusions"); *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1107 (11th Cir. 2015).

## II.   PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING.

The FAC is devoid of any facts suggesting that Plaintiff has Article III standing

to seek injunctive relief as is requested. *See* ECF No. 12, ¶¶ 98, 114, 119, "Prayer." To have Article III standing to seek injunctive relief in any federal case, Plaintiff must plead sufficient facts suggesting that there are "continuing, present adverse effects" traceable to Defendant's conduct. *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974). Plaintiff must "demonstrate that [he] is likely to be harmed again in the future in a similar way" by Defendant. *Nicosia v. Amazon*, 834 F.3d 220, 239 (2d Cir. 2016) (emphasis added). To show this, Plaintiff must adequately plead "the threatened [future] injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).

Here, Plaintiff alleges that he received all of the subject calls on a single day—April 3, 2025—which is more than five months before he filed the FAC. *See* ECF No. 12 ¶¶ 38, 41, 75. These allegations do not remotely suggest that there is any ongoing or imminent threat of ***future*** injury by (*i.e.*, that he will receive calls in the future from Defendant). Further, despite having the opportunity to add allegations as to any subsequent calls, the FAC does not allege any calls after April 3, 2025. As such, no inference can be made that there is any real imminent risk of future calls here. Therefore, Plaintiff's request for injunctive relief fails on standing grounds and should be dismissed under Rule 12(b)(1), as well. *See, e.g., Miller v. Time Warner Cable Inc.,* 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016) (dismissing request for injunctive relief in TCPA case on this basis).

## III.   **ALTERNATIVELY, PLAINTIFF'S CALLER ID CLASS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23.**

It is well settled that "[s]ometimes the issues are plain enough from the pleadings" to determine that a case should not proceed as a class action and, thus, that a court may properly resolve class certification at the pleadings stage on a defendant's motion to strike before the plaintiff has moved to certify. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Thus, courts in the Sixth Circuit and elsewhere have widely recognized that they may (and, indeed, ***should*** in appropriate cases) strike faulty class allegations at the pleadings stage under Rule 12(f) where, as here, it is apparent from the face of the complaint that the proposed classes are not certifiable under Rule 23 as pled. *See, e.g., Oom v. Michaels Cos. Inc.,* 2017 WL 3048540, at *2 (W.D. Mich. July 19, 2017) (citing *Pilgrim*, 660 F.3d at 949) (also applying Rule 12(b)(6)); *Sauter v. CVS Pharmacy, Inc*., 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014); *Green v. Liberty Ins. Corp.,* 2016 WL 1259110, at *2 (E.D. Mich. Mar. 30, 2016).

A proposed class definition is impermissibly fail-safe in violation of Rule 23 where, as here, the Court must make a determination on the merits of the putative class members' individual claims to determine class membership. *See Oom*, 2017 WL 3048540, at *4; *Sauter,* 2014 WL 1814076, at *4; *Sowders v. Scratch Fin., Inc.*, 2023 WL 7525900, at *10 (S.D. Ohio Nov. 14, 2023); *Sherrod v. Enigma Software Grp. USA, LLC*, 2016 WL 25979, at *2–7 (S.D. Ohio Jan. 4, 2016) (striking class

22

allegations where proposed definitions included legal elements of underlying claims). The Sixth Circuit has held that a proposed class constitutes an "independent ground for denying class certification" where it "shields the putative class members from receiving an adverse judgment" and "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). Courts routinely strike proposed class definitions at the pleadings stage in TCPA cases on this basis. *See e.g., Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015).

Assuming there is even a private right of action under Section 227(c)(5), which Defendant denies, Plaintiff's proposed "Caller ID" class is impermissibly fail-safe because membership depends on the merits of the putative class members' underlying "claims." Indeed, the proposed class includes, *inter alia*, "[a]ll persons within the United States" (i) "to whom [] Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls in a 12-month period"; (ii) "which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendants' or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours[.]" The definition directly tracks the elements of a violation that, if satisfied, would entitle the

class member to recover. To begin, part (i) of the definition directly tracks the thresholds set forth in Section 227(c)(5) of the TCPA to access the private right of action. 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring an action under that section). Then, part (ii) and its subparts mirror Section 64.1601(e)(1) of the FCC's regulations, which require that, "caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. . . . The telephone number so provided must permit any individual to make a do-not-call request during regular business hours." Therefore, a consumer who meets these elements is not just a member of the class, but also entitled to recovery. This is the precise definition of fail-safe. The Caller ID class definition should be stricken on this basis.

## <u>CONCLUSION</u>

For these reasons, Defendant respectfully requests that this Court dismiss Plaintiff's FAC in its entirety under Rule 12(b)(6) and with prejudice. Alternatively, if the FAC is not dismissed in its entirety, Defendant respectfully requests that the Court strike the Caller ID class allegations, Paragraph 94, from the FAC pursuant to Rules 12(f) and/or 23.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: September 22, 2025     By: */s/ Jonathan F. Karmo*
                              Jonathan F. Karmo (P76768)
                              450 West Fourth Street
                              Royal Oak, MI 48067
                              Phone: (248) 645-1483
                              jfk@h2law.com
                              *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 22, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Jonathan F. Karmo*

25