UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually
and on behalf of a class of all persons
and entities similarly situated,

       Plaintiff,

v.

CREDIT SWAG VENTURES, INC.
DBA CREDIT & DEBT, et al.

       Defendant.

CLASS ACTION
Case No. 4:25-cv-11777-FKB-EAS
District Judge F. Kay Behm
Mag. Judge Elizabeth A. Stafford

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES Plaintiff, MARK DOBRONSKI, by and through his attorneys, and respectfully requests this Honorable Court enter an order discharging its order to show cause (ECF 18) and permit the Plaintiff to issue limited discovery, prior to a Rule 26(f) conference, seeking to identify Defendant Denise Orozco so that she may be served with the Summons and Complaint.

The sole reason Defendant Denise Orozco has not yet been served is that Plaintiff does not know, and currently has no independent means to discover, her current address. Orozco is alleged to be an employee of co-Defendant Credit Swag Ventures, Inc. d/b/a Credit & Debt. Her home address, work address, and any other address at which she can be served are not matters of public record, but are within the possession of Credit Swag, but unavailable because discovery has not yet

commenced. Although Plaintiff's counsel has access to various skip-tracing databases, this particular matter is further complicated that there are multiple individuals named "Denise Orozco" throughout the United States, including in Arizona and California, where Credit & Debt is located, and the Plaintiff does not wish to serve the incorrect party identified by name and general location only.

This is not a case of neglect or failure to prosecute under Local Rule 41.2. Plaintiff has diligently pursued this action, including fully briefing Credit Swag's motion to dismiss. Credit Swag has appeared and its motion to dismiss remains pending before this Court. Plaintiff is prepared to proceed to litigation as to all Defendants, including Orozco. The only obstacle to serving Orozco is identifying where she can be found, and issue that would have expeditiously and easily been rectified through discovery had Credit Swag simply answered the Complaint and the parties proceeded to discovery.

Courts routinely recognize that circumstances similar to a plaintiff's inability to locate a defendant through reasonable diligence, particularly here, where the missing defendant's whereabouts are controlled and known but are being withheld by a co-defendant already before the Court, constitutes good cause for an extension of the service deadline under Fed. R. Civ. P. 4(m). *See, e.g.*, *Henderson v. United States*, 517 U.S. 654, 662 (1996) (holding that enlargement of time to serve complaint does not even require a showing of "good cause"); *Habib v. Gen.*

1

*Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (holding district court abused its discretion when medical issues precluded service of the summons).

Similarly, Local Rule 41.2 permits dismissal where "the parties have taken no action for a reasonable time," unless "good cause is shown." Here, no action has yet been taken by Plaintiff owing to the pendency of Credit Swag's motion and his inability to pursue discovery until that motion is decided, so the time that has passed is not unreasonable. And good cause exists because (a) the case has been actively litigated and is awaiting decision on a fully-briefed motion to dismiss and (b) Plaintiff does not know the precise Denise Orozco to be able to complete service on the only unserved Defendant and move the case forward until he obtains her information in discovery, precisely the relief suggested here.

Plaintiff respectfully requests that this Court permit the issuance of a single pre-scheduling-order interrogatory directed to Credit Swag, asking Credit Swag to identify the current address(es) at which Denise Orozco, its employee or former employee, may be located and served with process, together with her month and year of birth to assure positive identification. This is the narrowest, most proportionate remedy available, and it directly resolves the only impediment to service. Federal district courts have inherent authority, as well as authority under Fed. R. Civ. P. 26(d)(1), to permit limited expedited discovery where necessary to enable a party to locate a defendant for purposes of service. *See Clark v. A&L*

*Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023) (holding a court may authorize discovery relevant to any motion *sua sponte*). Arguably, Credit Swag is obligated to identify Ms. Orozco in its Rule 26(a)(1) Initial Disclosures, which the parties have not exchanged yet (nor conducted a Rule 26(f) conference), owing to the pending Motion to Dismiss. The single interrogatory Plaintiff proposes the Court order Defendant to provide an answer to is "Please provide the last known work and residential address(es) for Denise Orozco, together with her month and year of birth." This interrogatory the Plaintiff seeks to have the Court order the issuance of, *sua sponte*, is narrow in scope and imposes no undue burden on Credit Swag. It asks only for the residential and business addresses, together with the month and year of birth, of one of its own employees. Credit Swag is uniquely situated to answer this interrogatory practically immediately and at virtually no cost. There is no conceivable prejudice to Credit Swag from providing its employee's address for service of process purposes.

  In the alternative, the Court should hold its order to show cause in abeyance owing to the pendency of Credit & Debt's motion to dismiss. Depending on the outcome of that motion, the Plaintiff intends to serve Ms. Orozco through information obtained through the ordinary discovery process and respectfully requests an extension of time to do so for up to 90 days after Credit & Debt's Motion to Dismiss is resolved, pursuant to Rule 4(m). This extension would permit

3

Plaintiff time to attempt alternative means of locating Ms. Orozco, and to renew any motion for discovery if those efforts fail, as well as providing clarity as to the scope of the litigation before the Court. The Sixth Circuit has made clear that a plaintiff establishes "good cause" where a plaintiff has made reasonable efforts to serve a defendant and failure to serve is attributable to factors outside plaintiff's control. *See Habib*, 15 F.3d at 72-73. Plaintiff's ignorance of Orozco's address, which Credit Swag holds, coupled with Plaintiff's inability to identify the correct "Denise Orozco" based on a public records search of counsel, satisfies that standard.

Dated: March 3, 2026         PLAINTIFF, on behalf of himself
                             and others similarly situated,

                             */s/ Andrew Roman Perrong*
                             Andrew Roman Perrong, Esq.
                             Perrong Law LLC
                             2657 Mount Carmel Avenue
                             Glenside, Pennsylvania 19038
                             Phone: 215-225-5529 (CALL-LAW)
                             Facsimile: 888-329-0305
                             a@perronglaw.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

March 3, 2026

                          */s/ Andrew Roman Perrong*
                          Andrew Roman Perrong, Esq.
                          Perrong Law LLC
                          2657 Mount Carmel Avenue
                          Glenside, Pennsylvania 19038
                          Phone: 215-225-5529 (CALL-LAW)
                          Facsimile: 888-329-0305
                          a@perronglaw.com