### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually
and on behalf of a class of all persons
and entities similarly situated,

      Plaintiff,

v.

CREDIT SWAG VENTURES, INC.
DBA CREDIT & DEBT and DENISE
OROZCO,

      Defendants.

Case No. 4:25-cv-11777-FKB-EAS
District Judge F. Kay Behm
Mag. Judge Elizabeth A. Stafford

---

### DEFENDANT DENISE OROZCO'S NOTICE OF JOINDER AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Denise Orozco ("Orozco") hereby joins Defendant Credit Swag Ventures, Inc. d/b/a Credit & Debit ("Credit Swag") Motion to Dismiss Plaintiff's First Amended Complaint (*see* ECF No. 12, "FAC") filed by Plaintiff Mark Dobronski ("Plaintiff") in this matter, in its entirety. Ms. Orozco separately moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the FAC in its entirety and with prejudice on the additional ground that Plaintiff fails to plausibly allege a theory of TCPA liability against Ms. Orozco.

The specific bases and authority for this Motion are more fully set forth in the attached Brief in Support, which is incorporated herein by reference.

Pursuant to Local Rule 7.1, the undersigned certifies that counsel for Defendant Orozco conferred with counsel for Plaintiff, via video conference on April 3, 2026 regarding the grounds for this Motion and whether Plaintiff would concur with the relief sought herein prior to filing same. Plaintiff's counsel stated that Plaintiff does not consent to the relief requested herein, and opposes this motion.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: April 8, 2026

By: */s/ Jonathan F. Karmo*
Jonathan F. Karmo (P76768)
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 645-1483
jfk@h2law.com
*Attorneys for Defendants*

2

## ISSUES PRESENTED

1. Whether Plaintiff has adequately pled a claim for relief against Defendant Orozco under Fed. R. Civ. P. 12(b)(6). Defendant answers: "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- *Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023)

- *Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024)

- *Lucas v. Telemarketer*, 2019 WL 3021233 (6th Cir. May 29, 2019)

- *Murray v. Choice Energy*, *LLC*, 2015 WL 4204398, at *3 (S.D. Ohio July 10, 2015)

- *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532, 536 (6th Cir. 2012)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

PROCEDURAL HISTORY AND RELEVANT FAC ALLEGATIONS.................2

APPLICABLE LEGAL STANDARDS ....................................................................5

ARGUMENT ..........................................................................................................6

    A.    Plaintiff Does Not Plausibly Allege that Ms. Orozco Physically Initiated the Calls, as Required for Direct Liability. ................................. 6

    B.    Plaintiff Does Not Allege Any Facts to Support an "Agency" Relationship Between Ms. Orozco and the Purported Caller. ..............11

CONCLUSION .....................................................................................................13

iv

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................5

*Black v. First Impression Interactive, Inc.*,
  2022 WL 169652 (N.D. Ill. Jan. 19, 2022)..........................................................8

*Cunningham v. Daybreak Solar Power, LLC*,
  2023 WL 3985245 (N.D. Tex. June 13, 2023) ................................................7, 12

*Dobronski v. Russo*,
  2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ...............................................6, 9

*Doyle v. GoHealth, LLC*,
  2023 WL 3984951 (D.N.J. Mar. 30, 2023) .....................................................10, 11

*Frank v. Cannabis & Glass, LLC*,
  2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .....................................................9

*In re Erie Islands Resort & Marina*,
  580 B.R. 731 (Bankr. N.D. Ohio 2017).................................................................5

*In re Joint Petition filed by Dish Network, LLC*,
  2013 WL 1934349, 28 F.C.C Rcd. 6574 ...........................................................1, 7

*Jones v. Royal Admin. Servcs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ...........................................................................12, 13

*Keating v. Peterson's Nelnet, LLC*,
  2014 WL 1891369 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365
  (6th Cir. 2015).......................................................................................................12

*Landy v. Nat. Power Sources, LLC*,
  2021 WL 3634162 (D.N.J. Aug. 17, 2021) ..........................................................7

*Lucas v. Telemarketer Calling from (407) 476-5680*,
  2019 WL 3021233 (6th Cir. May 29, 2019)..................................................1, 6, 10

*Matthews v. Senior Life Ins. Co.*,
  2025 WL 1181789 (E.D. Va. Apr. 22, 2025)......................................................10

# TABLE OF AUTHORITIES

**Page(s)**

*Murray v. Choice Energy, LLC,*
   2015 WL 4204398 (S.D. Ohio July 10, 2015)..............................................1, 7, 12

*Nelums v. Mandu Wellness, LLC,*
   2023 WL 5607594 (D.N.M. Aug. 30, 2023) ........................................................6

*Rogers v. Assurance IQ, LLC,*
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023)................................................12

*Scruggs v. CHW Grp., Inc.,*
   2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ....................................................10

*Whittaker v. Real Est. Heaven Int'l Inc.,*
   2022 WL 1540168 (D. Ariz. May 16, 2022) ........................................................7

*Williams v. CitiMortgage, Inc.,*
   498 F.App'x 532 (6th Cir. 2012)..........................................................................6

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(f)(5) ........................................................................................9

## RULES

Fed.R.Civ.P. 23 ........................................................................................................5

Fed. R. Civ. P. 12(b)(6)................................................................................5, 9, 11, 13

## BRIEF IN SUPPORT OF MOTION

## INTRODUCTION

In his First Amended Complaint ("FAC"), Plaintiff attempts to impose personal liability under the Telephone Consumer Protection Act ("TCPA") on an individual employee because she *answered* a call initiated to Plaintiff by a third party and transferred *two times* before reaching her in the ordinary course of her employment. Plaintiff's theory of liability is unsupported by the TCPA or applicable case law.

Indeed, it is well established that the TCPA does not impose personal liability on every individual who happens to participate in a telephone call. *See, e.g.*, *Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *3 (S.D. Ohio July 10, 2015) (citing *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26) (emphasis added). Rather, direct liability—which is the only theory of liability Plaintiff alleges here—attaches, if at all, to the party that "makes" or "initiates" the call at issue. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019); *see also* ECF 12 at 77 ("Plaintiff also pleads a theory of direct liability as against Defendant Denise Orozoco as she was personally involved in the placement of at least two of the calls.").

The FAC fails to plausibly allege any facts from which to infer that Ms. Orozco "made" or "initiated" the allegedly violative calls. Nor does Plaintiff allege facts

1

plausibly suggesting that Ms. Orozco directed or controlled the calls or had any role whatsoever in the decision to dial his phone number. At most, Plaintiff alleges that he "received a call back" from Ms. Orozco following the allegedly violative calls. *See* ECF 12, ¶ 63. But Plaintiff fails to plead facts suggesting that this call violated the TCPA, either. Accordingly, there is no basis to infer that Ms. Orozco placed any unlawful call to Plaintiff.

Allowing such claims to proceed would improperly expand the TCPA beyond its statutory text and purpose, exposing ordinary employees answering transferred calls to personal liability for conduct they neither initiated nor controlled. Because the FAC fails to plausibly allege that Ms. Orozco "made" or "initiated" the allegedly violative calls—or that she engaged in any conduct prohibited by the TCPA—the claims against her must be dismissed with prejudice.

## PROCEDURAL HISTORY AND RELEVANT FAC ALLEGATIONS

Plaintiff filed his original Complaint on June 12, 2025. *See* ECF 1. Defendant Credit Swag filed a Motion to Dismiss Plaintiff's Complaint on August 22, 2025. *See* ECF 10. In response, Plaintiff filed his FAC on September 8, 2025. *See* ECF 12. Defendant Credit Swag filed a Motion to Dismiss the FAC on September 22, 2025. *See* ECF 14. On March 18, 2026, Ms. Orozco accepted service of the FAC. Ms. Orozco now timely moves to dismiss the FAC in its entirety.

2

In pertinent part, Plaintiff's FAC alleges that his phone number (734) XXX-XXXX was registered on the National DNC Registry on June 29, 2003. ECF 12 ¶¶ 29, 35. Plaintiff contends this number is a "residential telephone line" which he uses for "personal, residential, and household reasons." *Id*. ¶¶ 30-34.

According to Plaintiff, he received "at least five" alleged calls "from the Defendant Credit & Debt" on April 3, 2025, with at least one call "us[ing] an artificial voice." *Id*. ¶¶ 38-40. Plaintiff alleges details relating to only one call, on April 3, 2025, initiated by "Jessica from . . . Debt Relief Group." *Id*. ¶ 42. Plaintiff contends that "Debt Relief Group" is a fictitious name for Credit & Debt but does not provide any facts to support this assertion. *Id*. ¶¶ 42, 51.

During this call, "Jessica" allegedly stated "I got your information for debt settlement and it seems like you might be eligible for a program that could lower your debt. Do you currently owe more than ten thousand in debt?" *Id*. ¶ 46. When Plaintiff answered "yes," Jessica allegedly responded "ok, great. Now let me transfer your call to our verification department to discuss all of your available options, okay?" *Id*. ¶ 49. Then, "Jessica" allegedly transferred the call to "Jacob" also "from . . . Debt Relief Group," who proceeded to "ask[ ] . . . Plaintiff a series of questions" relating to his debt. *Id*. ¶ 53. After this exchange, Plaintiff was then allegedly transferred to a third individual named "Denise" who identified herself "as being from Credit & Debt." *Id*. ¶ 55.

Although Ms. Orozco had already identified herself and her company, Plaintiff remained on the call, answered Ms. Orozco's questions and even provided her with a false social security number. *Id.* ¶¶ 56-58. After providing false information, Plaintiff contends that he "began to press" Ms. Orozco "about the illegality of the pre-recorded call from Jessica" and the call was disconnected. *Id.* ¶ 61. Plaintiff alleges he then received an email "from Defendant Credit & Debt" offering him a free membership. *Id.* ¶ 62, Ex. A. Then, on some unspecified date, Plaintiff alleges he "received a call back" from Ms. Orozco from the number 616-239-4728 which, according to Plaintiff, is a spoofed number. *Id.* ¶¶ 63-64. Plaintiff claims that he "expressed his dissatisfaction with the previous call" and asked to speak to Ms. Orozco's supervisor. *Id.* ¶ 65. This call back, and the earlier April 3 call from "Jessica" are the only two calls for which Plaintiff alleges Ms. Orozco's involvement.

After not hearing from the supervisor, Plaintiff contends he called "Defendant Credit & Debt" and requested to speak to Ms. Orozco. *Id.* ¶ 66. Ms. Orozco apparently confirmed that she asked her supervisor to call Plaintiff and would follow up on his request. *Id.* ¶ 67. Plaintiff then claims that "the supervisor" called him from a spoofed number and "admitted to using a prerecorded voice." *Id.* ¶ 68. Plaintiff does not provide any facts regarding how "the supervisor" identified themselves or why he believed this call originated from Defendant Credit Swag. *Id.*

While Plaintiff alleges the Caller IDs from which he received calls, he alleges no facts suggesting that any of these numbers belonged to Credit Swag or Ms. Orozco. *Id.* ¶¶ 38-68.

In addition to the "Robocall," *id.* ¶¶ 110-114, and "National Do Not Call Registry,"[1] *id.* ¶¶ 115-119, claims from the original complaint, Plaintiff now also asserts a "Caller ID" claim on behalf of himself and a putative class. *Id.* ¶ 94. Defendant Credit Swag has moved to strike these class allegations, which Ms. Orozco joins. *See* ECF 14.

## APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim for relief. Under this rule, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, while a court must generally accept well-pled factual allegations as true, it "need not feel constrained to accept as truth conflicting pleadings that make no sense,

---

[1] Plaintiff seeks to represent a "National Do Not Call Registry Class" of individuals who received "text message[s]." ECF 12 ¶ 94. However, Plaintiff does not allege he received any text messages and, therefore, lacks standing to represent such a class. *See In re Erie Islands Resort & Marina*, 580 B.R. 731, 738 (Bankr. N.D. Ohio 2017) ("Under Fed.R.Civ.P. 23, the class representative must be a member of the class he claims to represent."). *See* ECF 14 at 4 n. 2.

or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Williams v. CitiMortgage, Inc.,* 498 F.App'x 532, 536 (6th Cir. 2012).

## ARGUMENT

To bring a TCPA claim, Plaintiff must plausibly allege one of two potential theories of liability against the defendant: (1) direct liability or (2) vicarious liability. *See, e.g., Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019). Failure to do so warrants dismissal of Plaintiff's TCPA claims in their entirety. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023); *Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024). As shown in Defendant Credit Swag's pending Motion to Dismiss (ECF 14), Plaintiff fails to plausibly allege either theory of liability against Credit Swag. Those deficiencies are even more apparent with respect to Ms. Orozco.

### A. Plaintiff Does Not Plausibly Allege that Ms. Orozco Physically Initiated the Calls, as Required for Direct Liability.

Direct TCPA liability applies only to persons or entities that "initiate" telemarketing calls. *Lucas,* 2019 WL 3021233, at *5. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that

6

might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Murray v. Choice Energy*, *LLC*, 2015 WL 4204398, at *3 (S.D. Ohio July 10, 2015) (citing *In re Joint Petition filed by Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C Rcd. 6574, 6583 ¶ 26) (emphasis added). In other words, for direct TCPA liability to attach, Plaintiff must plausibly allege **Ms. Orozco herself—not some unidentified third party—physically called him <u>directly</u>**. *See e.g., Whittaker v. Real Est. Heaven Int'l Inc.*, 2022 WL 1540168, at *4 (D. Ariz. May 16, 2022) (finding allegations sufficient to plausibly allege direct TCPA liability against an individual employee where the plaintiff alleged the employee physically sent the subject text messages). Plaintiff does not do so.

Here, Plaintiff's own allegations make clear that the only allegedly prerecorded call was initiated by "Jessica" of "Debt Relief Group," then transferred to "Jacob," a real person of the same entity, and only thereafter transferred to Ms. Orozco. ECF 12 ¶¶ 40-55. Receiving a transferred call is not tantamount to initiating or placing the call itself. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023) (dismissing on direct liability grounds where plaintiff eventually spoke to defendant's employee after an initial prerecorded message identifying a third party, holding such "facts failed to show whether [d]efendant physically initiated the phone call or whether the call was instead placed by a third-party telemarketer") (internal punctuation omitted). *See also Landy v. Nat. Power*

7

*Sources, LLC*, 2021 WL 3634162, at \*3 (D.N.J. Aug. 17, 2021) (dismissing on direct TCPA liability grounds and finding that in event of a transfer, "[plaintiff] can only pursue a TCPA claim against [the defendant] on a vicarious liability theory").

*Barnes v. SunPower Corp.* is instructive. 2023 WL 2592371, at \*3 (N.D. Cal. Mar. 16, 2023). There, the plaintiff alleged that she received a prerecorded call "with a message stating it was Brian Lee from 'solar project.'" The plaintiff alleged she pressed a button and was transferred to another individual who sent her a text message that included an email address for the defendant. The court found these allegations insufficient to plausibly allege direct TCPA liability because the plaintiff failed to allege facts to "support a plausible inference that [the d]efendant itself made the original call or that [the d]efendant ha[d] an agency relationship with 'solar project.'" *Id*.

The same deficiencies exist in this case. There are no facts from which to infer that Ms. Orozco initiated the allegedly prerecorded call or otherwise had an agency relationship with "Debt Relief Group." Nor are there any facts to suggest that Ms. Orozco had authority to direct or authorize anyone else to place this or any other calls. *See, e.g., Black v. First Impression Interactive, Inc.*, 2022 WL 169652, at \*4 (N.D. Ill. Jan. 19, 2022) (noting that an officer that "authorizes" a TCPA violative phone call may be held personally liable). Plaintiff's allegations can only support one plausible inference: ***neither*** "Credit & Debt" ***nor*** Ms. Orozco made the initial outbound call; such

calls were initiated by a third-party.

Plaintiff's allegation that Ms. Orozco purportedly called him back is equally unsupported by facts.[2] Indeed, Plaintiff does not allege the phone number from which the call originated belonged to Ms. Orozco or her employer, nor does he allege how Ms. Orozco purportedly identified herself or any other facts from which to infer this call was initiated by Ms. Orozco or even the date on which it occurred.

As for the remaining calls Plaintiff purportedly received, there are absolutely no facts connecting Ms. Orozco to the calls at all. Indeed, Plaintiff does not allege (i) the dates on which those calls were purportedly received; (ii) who he spoke to (i.e., whether the caller identified themselves as Ms. Orozco); (iii) that Ms. Orozco owned or used the phone numbers used to call him; or (iv) that Ms. Orozco was even mentioned during the calls. "Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and such bare conclusory allegations cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019); *see also Dobronski*, 2024 WL 4363118, at *5 (Plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent'

---

[2] Even if Plaintiff had plausibly alleged that Ms. Orozco was the one who called him back (he has not), a live call made within three months of an inquiry by Plaintiff does not violate the TCPA. *See* 47 C.F.R. §§ 64.1200(f)(5) (defining an established business relationship to include, among other things, an inquiry within the prior 3 months); (15) (defining "telephone solicitation" to exclude calls made to individuals with whom the caller has an established business relationship).

9

initiated calls" to him was insufficient to plead a theory of TCPA liability); *Lucas*, 2019 WL 3021233, at \*5-6. Accordingly, Plaintiff's conclusions are inadequate to support a plausible inference that the call back, let alone any of the other calls Plaintiff purportedly received, was placed by Ms. Orozco. *See, e.g.*, *Scruggs v. CHW Grp., Inc.*, 2020 WL 9348208, at \*6-10 (E.D. Va. Nov. 12, 2020) (conclusory allegations alone are inadequate, particularly where the conduct could be attributed to an unrelated third party not before the Court); *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at \*3 (E.D. Va. Apr. 22, 2025) (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant).

In *Matthews*, the plaintiff merely concluded that he "repeatedly received calls from [the defendant]." 2025 WL 1181789, at \*3. The court held "this threadbare recitation" insufficient to state a direct TCPA liability claim. *Id*. Further, while the plaintiff identified the phone number from which the calls were placed, he "d[id] not link that phone number to [the defendant]." *Id*. The same deficiencies exist here. Plaintiff provides multiple phone numbers from which the calls were allegedly placed, but does not allege any facts connecting those phone numbers to either Ms. Orozco or Credit Swag. *See* ECF No. 12, ¶¶ 38, 41, 63.

Indeed, Plaintiff does not allege that Ms. Orozco (or Credit Swag) owned or operated *any* of the phone numbers from which the alleged calls were received. *See* ECF No. 12, ¶¶ 38, 40–41; *see also Doyle v. GoHealth, LLC*, 2023 WL 3984951, at

*4–6 (D.N.J. Mar. 30, 2023) (dismissing on this basis where plaintiff did "not allege that the number associated with the call [. . .] belonged to [d]efendant"). And Plaintiff's allegations regarding Caller ID show only the contrary—i.e., the outpulse numbers are not connected to either Defendant.[3] *See* ECF No. 12 ¶ 82. Plaintiff does not allege that he attempted to call these phone numbers at the time he received the alleged calls; he alleges only in a conclusory fashion that "none of the numbers permit a caller to call the number . . . . It is not possible to call any of those numbers back." ECF 12. ¶ 84. The FAC includes no factual details showing how Plaintiff would know this to be true. Accordingly, Plaintiff's allegations are inadequate to state a claim for direct TCPA liability, and the FAC should be dismissed in its entirety under Rule 12(b)(6) on this basis alone.

### B. Plaintiff Does Not Allege Any Facts to Support an "Agency" Relationship Between Ms. Orozco and the Purported Caller.

While Plaintiff does not appear to assert a vicarious liability claim against Ms. Orozco (and specifically states in the FAC that he is pursuing direct liability), such a claim would fail as well.

---

[3] Apparently, seeking to avoid this conclusion, Plaintiff asserts that Credit Swag and Ms. Orozco were spoofing their caller IDs. *See* ECF 12 ¶¶ 38, 52, 64, 68, 72, 82, 83. Not only is this unsupported by fact, it is implausible in light of the facts alleged, which show that ***another*** entity (not Credit Swag or Ms. Orozco) made the initial call. *See*, *supra*, at 7-10.

11

Vicarious liability cannot be casually pled. Rather, Plaintiff must first allege facts supporting an agency relationship between Ms. Orozco and any third party that allegedly placed the calls. *See Murray*, 2015 WL 4204398, at *5-6 (dismissing where plaintiff did not plead facts supporting vicarious TCPA liability). Federal courts apply common law agency principles to determine vicarious TCPA liability. *See Keating v. Peterson's Nelnet, LLC*, 2014 WL 1891369, at *4–5 (N.D. Ohio May 12, 2014), *aff'd*, 615 F. App'x 365 (6th Cir. 2015). "[A]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Keating,* 615 F.App'x at 372  (quoting Restatement § 1.01).

Moreover, in the TCPA context, courts have widely held that vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g., Jones v. Royal Admin. Servcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018); *see also Keating*, 615 F.App'x at 372. To adequately plead "control," Plaintiff must plead specific non-conclusory facts suggesting that the defendant had control over "the means and details of" the solicitation campaign that was conducted, and not just general "control" over an alleged agent. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *3 (N.D. Tex. June 13, 2023); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *6 (W.D. Wash. Mar. 27, 2023).

Here, Plaintiff does not allege any facts demonstrating the "essential ingredient" of control, as required to state a vicarious TCPA liability claim. *See Jones*, 887 F.3d at 450. The only "facts" Plaintiff alleges to connect Ms. Orozco to "Debt Relief Group" is that Ms. Orozco answered a transferred call from them. *See* ECF 12, ¶¶ 41-44. Based on this, Plaintiff concludes, without factual support, that Ms. Orozco "personally directed the TCPA-violative conduct" and "personally took responsibility for the calling conduct by promising the Plaintiff that she would forward the Plaintiff's complaints about the illegal calls to her supervisor." *Id*. ¶¶ 77-81. As explained *supra*, these conclusory allegations do not support direct liability, and certainly cannot support vicarious liability where no facts of a relationship or control are alleged. Thus, Plaintiff's FAC should be dismissed in its entirety under Rule 12(b)(6) for this reason, as well.

**CONCLUSION**

For these reasons, Defendant Denise Orozco respectfully requests that this Court dismiss Plaintiff's FAC in its entirety under Rule 12(b)(6) and with prejudice.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: April 8, 2026            By: */s/ Jonathan F. Karmo*
                                    Jonathan F. Karmo (P76768)
                                    450 West Fourth Street
                                    Royal Oak, MI 48067
                                    Phone: (248) 645-1483
                                    jfk@h2law.com
                                    *Attorneys for Defendant*

13

## CERTIFICATE OF SERVICE

I hereby certify that, on April 8, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Jonathan F. Karmo

4925-1210-0767, v. 1