# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK DOBRONSKI, individually
and on behalf of a class of all persons
and entities similarly situated,

       Plaintiff,

v.

CREDIT SWAG VENTURES, INC.
DBA CREDIT & DEBT and DENISE
OROZCO,

       Defendants.

Case No. 4:25-cv-11777-FKB-EAS
District Judge F. Kay Behm
Mag. Judge Elizabeth A. Stafford

---

## DEFENDANT DENISE OROZCO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..............................................................................................1

ARGUMENT .................................................................................................1

    A. Plaintiff Fails to Plausibly Allege a Theory of Liability............................1

    B. Plaintiff's Cited Authorities Are Inapposite................................................4

CONCLUSION...............................................................................................7

CERTIFICATE OF SERVICE .......................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*
885 F.3d 154 (3d Cir. 2018)...................................................................................5

*Clemens v. Consumer Sol. Ctr.*,
2025 WL 2427685 (E.D. Va. Aug. 22, 2025)........................................................3

*Covington & Burling v. Int'l Mktg. & Rsch., Inc.*,
2003 WL 21384825 (D.C. Super. Ct. Apr. 17, 2003)........................................5, 6

*Dobronski v. CHW Grp., Inc.*,
2025 WL 2426370 (E.D. Mich. Aug. 21, 2025).....................................................2

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
7 F.C.C. Rcd. 8752 (1992)......................................................................................3

*Jackson Five Star Catering, Inc. v. Beason*,
2013 WL 5966340 (E.D. Mich. Nov. 8, 2013)...................................................5, 6

*Maryland v. Universal Elections*,
787 F. Supp. 2d 408 (D. Md. 2011)........................................................................6

*Montelongo v. My Fin. Sols. LLC*,
2020 WL 210814 (W.D. Tex. Jan. 14, 2020) ......................................................5, 6

*Morris v. Copart*,
2016 WL 6608874 (E.D. Tex. Nov. 9, 2016) .........................................................3

*Spurlark v. Dimension Serv. Corp.*,
2022 WL 2528098 (S.D. Ohio July 7, 2022).......................................................5, 6

*Texas v. American Blastfax, Inc.*,
164 F. Supp. 2d 892 (W.D. Tex. 2001)...................................................................6

*Williams v. Schanck*,
2019 WL 4246570 (N.D. Ala. Sept. 6, 2019)........................................................6

iii

## INTRODUCTION

In his Opposition, Plaintiff attempts to impose personal TCPA liability on an individual employee based entirely on the fact that she answered a transferred call. But neither the TCPA nor the cases Plaintiff cites support such an unprecedented expansion of individual liability. As discussed in the Motion, a plaintiff must plausibly allege direct or vicarious TCPA liability to establish a TCPA claim. Plaintiff fails to plausibly allege either. Instead, he improperly merges the two theories into a single conclusory assertion that everyone involved in the calling chain is automatically liable for everyone else's conduct. That is not the law.

Plaintiff repeatedly relies on conclusory assertions that Orozco was "so involved" in the calling campaign that she "essentially made the calls herself" because she "was the closer" and "had the Plaintiff's information at her fingertips" from the upstream caller. But none of these allegations support an inference that Orozco exercised the type of control, authorization, or operational involvement necessary to impose individual liability under the TCPA. Plaintiff instead relies on speculation, conjecture, and conclusory assertions which are insufficient under governing pleading standards. Thus, the Motion should be granted.

## ARGUMENT

### A. Plaintiff Fails to Plausibly Allege a Theory of Liability.

Plaintiff argues at length that individual employees may, in certain circumstances, be held personally liable under the TCPA. But that argument misses

1

the point. Orozco does not contend that individual liability is categorically unavailable under the TCPA. Her argument is far narrower: the allegations that she allegedly participated in a transferred call and called Plaintiff back after he feigned interest are insufficient to plausibly impose personal liability for alleged upstream TCPA violations.

Indeed, Plaintiff alleges that he first received a call from "Jessica" with "Debt Relief Group" and, after agreeing to be transferred, spoke to "Jacob," with "Debt Relief Group," and played along with "Jacob's" questions. Dkt. 12 ¶¶ 48-49. Only after this was Plaintiff transferred a second time to Orozco. Thus, by Plaintiff's own allegations, Orozco did not initiate the allegedly prerecorded call.[1]

Nor does Plaintiff plausibly allege that Orozco controlled or directed the upstream callers. Plaintiff instead relies on speculation that the participants must have been operating on the "same system" because Orozco allegedly possessed Plaintiff's information. But such speculation is insufficient to avoid dismissal.

That Orozco purportedly accepted the transferred call also does not permit an inference that she (i) had any knowledge that the transferred call allegedly violated

---

[1] For this reason, the *Dobronski* and *Bradshaw* cases on which Plaintiff relies are entirely inapposite. *See* Dkt. 27 at 18. In each case, the plaintiffs alleged that they answered a call and first spoke to someone who identified themselves as calling "with" or "from" the defendants; they did not allege they received a call from a fictitious d/b/a and were later transferred to an employee of the defendants. *Dobronski v. CHW Grp., Inc.*, 2025 WL 2426370, at *4 (E.D. Mich. Aug. 21, 2025).

the TCPA; (ii) played any role in deciding to contact Plaintiff; or (iii) directed any telemarketing campaign, much less the manner or means by which calls were made.

Plaintiff also relies heavily on the allegation that Orozco later placed a callback using a "spoofed" number. But even accepting that allegation as true, it still does not suffice. ***First***, the FAC does not plausibly allege that the callback itself involved an artificial or prerecorded voice or ATDS. Therefore, there are no facts from which to infer the callback violated Section 227(b) of the TCPA.

***Second***, Plaintiff's own allegations establish that the callback occurred only *after* Plaintiff feigned interest in Defendant Credit Swag's services. *See* Dkt. 12 at ¶ 58. Thus, the callback directly resulted from Plaintiff's inquiry (even if feigned) which created an established business relationship, and does not constitute a "telephone solicitation" under Section 227(c) of the TCPA. *See Clemens v. Consumer Sol. Ctr.*, 2025 WL 2427685, at *3 (E.D. Va. Aug. 22, 2025) (plaintiff entered into an EBR with the defendant after feigning interest during calls; thus, calls were not "telephone solicitations"); *Morris v. Copart*, 2016 WL 6608874, at *9 (E.D. Tex. Nov. 9, 2016) ("[p]laintiff's false affirmation that he had a vehicle to donate established a business relationship, excusing subsequent calls made in furtherance of that business relationship and for the stated purpose of that relationship").[2] Further, while Plaintiff

---

[2] Plaintiff's reliance on the FCC's Order in *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992) is misguided. The discussion of "established business relationships" in the Order

contends that he "press[ed] Orozco about the illegality of the pre-recorded call from 'Jessica,'" he does not allege that he ever asked Orozco to stop calling him or otherwise terminated this established business relationship. Dkt. 12 ¶ 61.

*Third*, Plaintiff's assertions regarding "spoofing" are entirely conclusory. Plaintiff does not allege, for example, that he called the numbers back and was unable to reach Defendants. Even if Plaintiff had plausibly alleged a caller-ID violation (he has not), that still would not plausibly establish that Orozco initiated or directed the upstream prerecorded calls that form the primary basis of Plaintiff's TCPA claims.

At bottom, Plaintiff asks the Court to infer an entire telemarketing infrastructure—and Orozco's purported control over it—from the mere fact that she later spoke with Plaintiff after the call was transferred to her on April 3, 2025. That is precisely the sort of speculative inferential leap rejected by *Twombly* and *Iqbal*.

### B. Plaintiff's Cited Authorities Are Inapposite.

Notably, the authorities on which Plaintiff relies do not involve circumstances analogous to those alleged here. In many of those cases, the individual defendants allegedly directed, controlled, supervised, or orchestrated the challenged conduct. Here, by contrast, the FAC alleges only that Orozco answered a transferred call and

---

related to artificial or prerecorded voice calls, which is not applicable to the callback since Plaintiff contends it was placed by Orozco directly.

later allegedly called Plaintiff back. Dkt. 12 ¶¶ 41-63.[3] In other words, the face of the FAC suggests Orozco made, at most, a single, live call to Plaintiff at his request. Such a call does not violate the TCPA. *See* pp. 2-3, *supra*.

Plaintiff heavily relies on *City Select Auto Sales, Inc. v. David Randall Associates, Inc.* for the proposition that an individual "may be personally liable under the [TCPA] if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." Dkt. 27 at 7. But *City Select* underscores why Plaintiff's claims against Orozco fail. There, the Third Circuit explained that personal liability may attach where a corporate officer "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." 885 F.3d 154, 162 (3d Cir. 2018). Here, however, the FAC does not plausibly allege facts from which to infer that Orozco is an officer, much less that she committed the allegedly TCPA-violative conduct—i.e., initiated the allegedly violative calls or that she exercised supervisory authority over the individuals who allegedly did so. At most, Plaintiff alleges that Orozco was "tangentially involved" to the extent she answered a call that was transferred to her. Those allegations fall well short of the participation contemplated by *City Select*.

---

[3] Plaintiff's contention that Orozco "caused her supervisor" to call him back is highly misleading. The FAC plainly admits that Plaintiff informed Orozco that "he would like a follow-up from Denise's supervisor" and, when the supervisor did not contact him, he made an inbound call to Orozco and was told she would follow up with her supervisor per his request. Dkt. 12 ¶¶ 65-68.

Likewise, *Texas v. American BlastFax, Inc.*, *Covington*, *Spurlark*, *Montelongo* and *Jackson* involved ***factual allegations*** from which those courts could infer that the defendants actively directed and controlled the allegedly unlawful operations. *See Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001); *Covington & Burling v. Int'l Mktg. & Rsch., Inc.*, 2003 WL 21384825, at *7 (D.C. Super. Ct. Apr. 17, 2003); *Spurlark v. Dimension Serv. Corp.*, 2022 WL 2528098, at *5 (S.D. Ohio July 7, 2022); *Montelongo v. My Fin. Sols. LLC*, 2020 WL 210814, at *4 (W.D. Tex. Jan. 14, 2020); *Jackson Five Star Catering, Inc. v. Beason*, 2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013). And in S*helton*, the defendant ***initiated*** the allegedly violative calls using her ***personal*** cell phone. Nothing in these cases suggests that every employee who answers a transferred call may be held liable for upstream TCPA violations (particularly where carried out by a third party) or that they were "so involved" in the alleged conduct as to be held liable for the conduct of others.

*Williams v. Schanck* is equally inapposite. There, the defendant did not challenge the plaintiff's contention that he "directed and authorized the alleged TCPA violations" but instead claimed that the "corporate shield doctrine precludes the Court's exercise of jurisdiction over him." 2019 WL 4246570, at *5 (N.D. Ala. Sept. 6, 2019). Similarly, in *Maryland v. Universal Elections*, the defendants argued only that they could not be held personally liable under the TCPA as a matter of law and not whether the plaintiff has sufficiently alleged their direct participation in the

6

allegedly violative conduct. 787 F. Supp. 2d 408, 415-16 (D. Md. 2011). Here, by contrast, Orozco explicitly challenges whether Plaintiff has plausibly alleged *facts* from which to infer that she directed or authorized any allegedly violative conduct.

In sum, the cases Plaintiff cites repeatedly emphasize "direct personal participation" in the violative conduct itself. Yet Plaintiff does not identify factual allegations showing that Orozco participated in the alleged prerecorded message (beyond answering a transferred call from a live person), directed anyone to make the prerecorded call to Plaintiff, or controlled any aspect of the calling campaign. Plaintiff's conclusory assertion that Orozco "personally directed the TCPA violative conduct" (Dkt. 12 ¶ 79) merely parrots legal standards without supplying factual support. This is insufficient under *Iqbal* and *Twombly*. Further, as discussed above, a callback made after Plaintiff feigned interest does not violate the TCPA.

Plaintiff's theory would dramatically expand TCPA liability beyond anything contemplated by the statute or existing precedent. Under Plaintiff's approach, *any* customer-service representative or employee who accepts a transferred call could face personal liability if the call allegedly originated from a violative calling process, regardless of who made the call. The TCPA does not impose such boundless liability.

## CONCLUSION

For these reasons, Defendant Orozco respectfully requests that this Court dismiss Plaintiff's FAC in its entirety under Rule 12(b)(6) and with prejudice.

7

Respectfully submitted,

**MANATT, PHELPS & PHILLIPS, LLP**

Dated: May 27, 2026

By: */s/ Madelaine A. Newcomb*

151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
(312) 529-6300
mnewcomb@manatt.com

Jonathan F. Karmo (P76768)
**HOWARD  &  HOWARD  ATTORNEYS PLLC**
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 645-1483
jfk@h2law.com
*Attorneys for Defendant*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 27, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Madelaine A. Newcomb*

9