**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

MARK DOBRONSKI, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

CREDIT SWAG VENTURES, INC. DBA CREDIT & DEBT and DENISE OROZCO,

Defendants.

Case No. 4:25-cv-11777-FKB-EAS
District Judge F. Kay Behm
Mag. Judge Elizabeth A. Stafford

---

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Credit Swag Ventures, Inc. d/b/a Credit & Debit ("Defendant" or "Credit Swag")[1], in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the amended putative class action complaint (*see* ECF 12, "FAC") filed by Plaintiff Mark Dobronski ("Plaintiff") in the above-captioned matter, and answers, avers, and responds to the allegations therein as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 of the FAC, in whole or in part, reflect legal conclusions and/or a recitation or summary of legal authority, which speaks for

---

[1] The claims against Defendant Denise Orozco were previously dismissed in their entirety. *See* ECF 33.

itself, and do not reflect allegations of fact directed at Defendant, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the Telephone Consumer Protection Act ("TCPA") or any other law, and denies any implication of liability against Defendant that may be based on or inferred from these allegations. Any and all remaining allegations in Paragraph 1 are denied.

2. The allegations in Paragraph 2 of the FAC, in whole or in part, reflect legal conclusions and/or a recitation or summary of legal authority, which speaks for itself, and do not reflect allegations of fact directed at Defendant, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other law, and denies any implication of liability against Defendant that may be based on or inferred from these allegations. Any and all remaining allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 of the FAC, in whole or in part, reflect legal conclusions and/or a recitation or summary of legal authority, which speaks for itself, and do not reflect allegations of fact directed at Defendant, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other law, and denies any implication of liability against Defendant that may be based on or inferred from these allegations. Any and all remaining allegations in Paragraph 3 are denied.

4. As to the allegations in Paragraph 4 of the FAC, Plaintiff purports to bring claims on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes certifiable class allegations, Defendant "called" Plaintiff or otherwise violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 4 are denied.

5. As to the allegations in Paragraph 5 of the FAC, Defendant admits only that Plaintiff purports to bring claims on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes certifiable class allegations, Defendant "called" Plaintiff or otherwise violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 5 are denied.

6. As to the allegations in Paragraph 6 of the FAC, Defendant admits only that Plaintiff purports to bring claims on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff

would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 6 are denied.

7. Defendant denies each and every allegation in Paragraph 7 of the FAC.

## PARTIES

8. As to the allegations in Paragraph 8 of the FAC, Defendant admits only that Plaintiff is a "person" but denies any implication of liability based on those allegations.

9. As to the allegations in Paragraph 9 of the FAC, Defendant admits only that it is a for-profit company that provides debt relief and credit management services, but denies that it solicited Plaintiff to purchase any of its services and further denies any implication of liability based thereon. Any and all remaining allegations in Paragraph 9 of the FAC are denied.

10. The allegations in Paragraph 10 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. To the extent a response is deemed required, Defendant admits that Ms. Orozco was an employee of Defendant at the time of the call alleged in the FAC and that she spoke to Plaintiff but denies that it or Ms. Orozco physically placed any calls in violation of the TCPA or that Defendant otherwise violated the TCPA or any other law.

## JURISDICTION AND VENUE

11. The allegations in Paragraph 11 of the FAC reflect legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to invoke this Court's federal subject matter jurisdiction to the extent that the TCPA is a federal statute, but denies that this Court has subject matter jurisdiction to the extent Plaintiff lacks Article III standing. Any remaining allegations in Paragraph 11 of the FAC are denied.

12. The allegations in Paragraph 12 of the FAC reflect legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies having placed or having caused others to place the calls that are the subject of the litigation to Plaintiff and the putative class and otherwise denies violating the TCPA or any other law. Any and all remaining allegations in Paragraph 12 of the FAC are denied.

## THE TELEPHONE CONSUMER PROTECTION ACT

13. The allegations in Paragraph 13 of the FAC reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 13 of the FAC are denied.

14. The allegations in Paragraph 14 of the FAC, in whole or in part, relate to

claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 14 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 14 of the FAC are denied.

15. The allegations in Paragraph 15 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 15 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 15 of the FAC are denied.

16. The allegations in Paragraph 16 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 16 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 16 of the FAC are denied.

17. The allegations in Paragraph 17 of the FAC reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 17 of the FAC are denied.

18. The allegations in Paragraph 18 of the FAC reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 18 of the FAC are denied.

19. The allegations in Paragraph 19 of the FAC reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 19 of the FAC are denied.

20. The allegations in Paragraph 20 of the FAC reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 20 of the FAC are denied.

21. The allegations in Paragraph 21 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 21 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 21 of the FAC are denied.

22. The allegations in Paragraph 22 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 22 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 22 of the FAC are denied.

23. The allegations in Paragraph 23 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 23 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other

allegations in Paragraph 23 of the FAC are denied.

24. The allegations in Paragraph 24 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 24 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 24 of the FAC are denied.

25. The allegations in Paragraph 25 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. Responding further, the allegations in Paragraph 25 reflect legal conclusions and/or a citation to or purported summary of applicable legal authority, which speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies that it violated the TCPA or any other applicable law. All other allegations in Paragraph 25 of the FAC are denied.

## FACTUAL ALLEGATIONS

26. As to the allegations in Paragraph 26 of the FAC, Defendant admits only that Plaintiff is a "person" but denies any implication of liability based on those allegations.

27. As to the allegations in Paragraph 27 of the FAC, Defendant admits only

that it provides debt relief and credit management services, but denies that it solicited Plaintiff to purchase any of its services and further denies any implication of liability based thereon. Any and all remaining allegations in Paragraph 27 of the FAC are denied.

28. Defendant denies each and every allegation in Paragraph 28 of the FAC.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the FAC and, on this basis, denies them.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the FAC and, on this basis, denies them.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the FAC and, on this basis, denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC and, on this basis, denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the FAC and, on this basis, denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the FAC and, on this basis, denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the FAC as to whether, when and by whom Mr. Dobronski's telephone number was registered on the National Do Not Call Registry and, on this basis, denies them. Defendant denies any and all remaining allegations in Paragraph 35.

36. Defendant denies each and every one of the allegations in Paragraph 36 of the FAC.

37. Defendant denies each and every one of the allegations in Paragraph 37 of the FAC.

38. Defendant denies each and every one of the allegations in Paragraph 38 of the FAC.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 39 that Plaintiff "received multiple similar calls to the foregoing with identical or nearly identical voices, but different fake names" and on this basis denies them. Defendant denies that it placed any calls to Plaintiff in violation of the TCPA or any other law.

40. Defendant denies each and every one of the allegations in Paragraph 40

of the FAC.

41. Defendant denies each and every one of the allegations in Paragraph 41 of the FAC.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the FAC that the caller identified herself as "Jessica" or that "Debt Relief Group" is a fictitious name and on this basis denies them. Defendant denies that "Jessica" or "Debt Relief Group" are associated with or acted on behalf of Defendant. Defendant denies any and all remaining allegations in Paragraph 42 of the FAC.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 43 of the FAC that Plaintiff "intentionally responded in a vulgar manner" and on this basis denies them. Defendant denies any and all remaining allegations in Paragraph 43 of the FAC

44. Defendant denies each and every one of the allegations in Paragraph 44 of the FAC.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the FAC and on this basis denies them.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the FAC and on this basis denies

them.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the FAC and on this basis denies them.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the FAC as to how the "robot" was programmed and on this basis denies them. Defendant denies any and all remaining allegations in Paragraph 48 of the FAC.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the FAC and on this basis denies them.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the FAC and on this basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the FAC as to who Plaintiff purportedly spoke to and what that individual said and on this basis denies them. Defendant denies any and all remaining allegations in Paragraph 51 of the FAC.

52. Defendant denies each and every allegation in Paragraph 52 of the FAC.

53. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 53 of the FAC and on this basis denies them.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the FAC and on this basis denies them.

55. As to the allegations in Paragraph 55 of the FAC, Defendant admits only that Denise Orozco was an employee of Defendant but denies that Ms. Orozco called or caused anyone else to call Plaintiff in violation of the TCPA. Defendant denies any and all remaining allegations in Paragraph 55 of the FAC.

56. As to the allegations in Paragraph 56 of the FAC, Defendant admits that Ms. Orozco asked Plaintiff questions about his debt and demographic information but denies that she attempted to solicit him to purchase any of Defendant's services, that Ms. Orozco called or caused anyone else to call Plaintiff, and denies any implication of liability from those allegations. Defendant denies any and all remaining allegations in Paragraph 56 of the FAC.

57. Defendant denies each and every allegation in Paragraph 57 of the FAC.

58. As to the allegations in Paragraph 58 of the FAC, Defendant denies that it acted illegally or violated any law but otherwise lacks knowledge or information sufficient to form a belief as to whether Plaintiff provided "unique fake information" during the call "so as to protect his identity" and on this basis denies those allegations.

59. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 and on this basis denies them.

60. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the FAC and on this basis denies them.

61. Defendant denies each and every allegation in Paragraph 61 of the FAC.

62. Defendant admits that Exhibit A purports to be a copy of the referenced email in Paragraph 62 of the FAC but states that the email speaks for itself and is the best evidence of its contents. Defendant denies any characterization of the email inconsistent with its plain terms and denies any implication of liability arising therefrom.

63. The allegations in Paragraph 63 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), and for which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation in Paragraph 63 of the FAC.

64. Defendant denies the allegations in Paragraph 64 of the FAC.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the FAC and on this basis denies them.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the FAC and on this basis denies

them.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the FAC and on this basis denies them.

68. Defendant denies each and every allegation in Paragraph 68 of the FAC.

69. Defendant denies each and every allegation in Paragraph 69 of the FAC.

70. Defendant denies each and every allegation in Paragraph 70 of the FAC.

71. Defendant denies each and every allegation in Paragraph 71 of the FAC.

72. Defendant denies each and every allegation in Paragraph 72 of the FAC.

73. Defendant denies each and every allegation in Paragraph 73 of the FAC.

74. Defendant denies each and every allegation in Paragraph 74 of the FAC.

75. As to the allegations in Paragraph 75 of the FAC, Defendant admits only that Plaintiff spoke to Ms. Orozco but denies that Defendant violated the TCPA or any other law. Any and all remaining allegations in Paragraph 75 of the FAC.

76. As to the allegations in Paragraph 76 of the FAC, Defendant admits only that Plaintiff purports to hold Defendant directly liable under the TCPA and that Ms. Orozco was an employee of Defendant at the time of the call alleged in the FAC but denies that Defendant violated the TCPA or any other law. Any and all remaining allegations in Paragraph 76 of the FAC are denied.

77. The allegations in Paragraph 77 of the FAC, in whole or in part, relate to

claims that have been dismissed (*see* ECF 33), as to which no response is required. To the extent a response is deemed required, Defendant denies that it or Ms. Orozco physically placed any calls in violation of the TCPA or that Defendant otherwise violated the TCPA or any other law. Defendant denies any and all remaining allegations in Paragraph 77 of the FAC.

78. The allegations in Paragraph 78 of the FAC, in whole or in part, relate to claims that have been dismissed (*see* ECF 33), as to which no response is required. To the extent a response is deemed required, Defendant denies that it or Ms. Orozco physically placed any calls in violation of the TCPA or that Defendant otherwise violated the TCPA or any other law. Defendant denies any and all remaining allegations in Paragraph 78 of the FAC.

79. Defendant denies each and every allegation in Paragraph 79 of the FAC.

80. Defendant denies each and every allegation in Paragraph 80 of the FAC.

81. Defendant denies each and every allegation in Paragraph 81 of the FAC.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the FAC and on this basis denies them.

83. Defendant denies each and every allegation in Paragraph 83 of the FAC.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the FAC and on this basis denies

them.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the FAC and on this basis denies them.

86. Defendant denies each and every allegation in Paragraph 86 of the FAC.

87. Defendant denies each and every allegation in Paragraph 87 of the FAC.

88. Defendant denies each and every allegation in Paragraph 88 of the FAC.

89. Defendant denies each and every allegation in Paragraph 89 of the FAC.

90. Defendant denies each and every allegation in Paragraph 90 of the FAC.

91. Defendant denies each and every allegation in Paragraph 91 of the FAC.

## Class Action Statement

92. As to the allegations in Paragraph 92 of the FAC, Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein.

93. As to the allegations in Paragraph 93 of the FAC, Defendant admits only that Plaintiff purports to bring claims on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable

of class treatment. Any and all remaining allegations in Paragraph 93 of the FAC are denied.

94. As to the allegations in Paragraph 94 of the FAC, of the FAC, Defendant admits only that Plaintiff purports to bring claims on behalf of himself and putative class members, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Responding further, Plaintiff's claims regarding the "National Do Not Call Registry Class" and "Telemarketing Caller ID Class" have been dismissed (*see* ECF 33) and, therefore, Plaintiff's proposed class definitions are not capable of class treatment. Any and all remaining allegations in Paragraph 94 are denied.

95. Defendant denies each and every allegation in Paragraph 95 of the FAC.

96. As to the allegations in Paragraph 96 of the FAC, Defendant admits only that Plaintiff purports to exclude Defendant and any entities in which the Defendant has a controlling interest, from a putative class, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class

representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 96 are denied.

97. Defendant denies each and every one of the allegations of Paragraph 97 of the FAC.

98. Defendant admits only that Plaintiff purports to seek injunctive relief and money damages on behalf of himself and a putative class under the TCPA, but denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Responding further, Defendant denies that Plaintiff is entitled to injunctive relief because Plaintiff's request for injunctive relief has been dismissed (*see* ECF 33). Any and all remaining allegations in Paragraph 98 of the FAC are denied.

99. The allegations in Paragraph 99 of the FAC reflect a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all

remaining allegations in Paragraph 99 of the FAC are denied.

100. The allegations in Paragraph 100 of the FAC reflect legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 100 of the FAC are denied.

101. The allegations in Paragraph 101 of the FAC reflect legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 101 of the FAC are denied.

102. The allegations in Paragraph 102 of the FAC reflect legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's legal conclusion, and further denies that a defined class

exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 102 of the FAC are denied.

103. The allegations in Paragraph 103 of the FAC reflect legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies Plaintiff's legal conclusion, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any and all remaining allegations in Paragraph 103 of the FAC are denied.

104. Defendant denies each and every one of the allegations in Paragraph 104 of the FAC, including all subparts, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

105. Defendant denies each and every one of the allegations in Paragraph 105

of the FAC, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

106. Defendant denies each and every one of the allegations in Paragraph 106 of the FAC, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

107. Defendant denies each and every one of the allegations in Paragraph 107 of the FAC, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

108. Defendant denies each and every one of the allegations in Paragraph 108 of the FAC, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law,

Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

109. Defendant denies each and every one of the allegations in Paragraph 109 of the FAC, and further denies that a defined class exists, the FAC includes facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment.

## FIRST CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)(1)(B) and/or (b)(1)(A)(iii)) on behalf of the Robocall Class**

110. Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for Paragraph 110.

111. Defendant denies each and every one of the allegations in Paragraph 111 of the FAC.

112. Defendant denies each and every one of the allegations in Paragraph 112 of the FAC.

113. Defendant denies each and every one of the allegations in Paragraph 113 of the FAC.

114. Defendant denies each and every one of the allegations in Paragraph 114 of the FAC.

## SECOND CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act

### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

115. Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for Paragraph 115.

116. The allegations in Paragraph 116 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

117. The allegations in Paragraph 117 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

118. The allegations in Paragraph 118 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

119. The allegations in Paragraph 119 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

## THIRD CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227

### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

120. Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the FAC, as provided above, as if fully stated herein for

Paragraph 120.

121. The allegations in Paragraph 121 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

122. The allegations in Paragraph 122 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

123. The allegations in Paragraph 123 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

124. The allegations in Paragraph 124 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

125. The allegations in Paragraph 125 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

126. The allegations in Paragraph 126 of the FAC relate to claims that have been dismissed (*see* ECF 33), as to which no response is required.

**<u>Prayer for Relief</u>**

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" of Plaintiff's FAC (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on pages 19-20 of the FAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies

that it violated the TCPA or any other law in relation to this action, and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the FAC. Responding further, Plaintiff's requests for injunctive relief and treble damages have been dismissed (*see* ECF 33), and, therefore, no such relief is available to Plaintiff.

## GENERAL DENIALS

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands strict proof thereof. Defendant further denies that this Court has proper federal subject matter jurisdiction or that Plaintiff is entitled to class treatment. Any scrivener's error should not be

construed against Defendant and should be construed as a denial rather than an admission of liability.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant joins Plaintiff's jury trial demand and demands a trial by jury of all issues triable of right by jury.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant alleges these affirmative defenses based upon the current state of the case, including the Court's recent order on Defendant's Motion to Dismiss, which eliminated Counts II and III of the FAC, as well as Plaintiff's requests for injunctive relief and knowing/willful violations. Defendant reserves the right to bring affirmative claims or to seek sanctions against Plaintiff as permitted by applicable rules and law.

**FIRST AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff's claim and/or the putative class members' claims are barred because, to the extent Plaintiff and/or any putative class member received any calls directly from Defendant, which Defendant denies, or from third parties on Defendant's

behalf in this action, if any (which Defendant also denies), Plaintiff, the putative class members, and/or a third-party consented to receiving said calls and/or consent was not required on account of the nature of the calls, and/or such calls were sent in response to an inquiry, were not unwanted, and, in fact, were requested and/or consented to by Plaintiff, the putative class members, an authorized third-party, and/or the user and/or subscriber of the phone number who may have been acting in concert with Plaintiff and/or the putative class members.

**SECOND AFFIRMATIVE DEFENSE**
**(Error)**

Plaintiff's and the putative class members' claims are barred because, to the extent they received any violative calls directly from Defendant or on behalf of Defendant, which Defendant denies, such calls were the result of bona fide error.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

At all times relevant to the matters alleged in the FAC, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff and the putative class members, or any other alleged wrong done to either of them.

## FOURTH AFFIRMATIVE DEFENSE

**(No Direct Liability)**

Plaintiff's and the putative class members' claims are barred because Defendant did not physically "make any call" to Plaintiff or the putative class members as that term is used in the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

**(Waiver/Abandonment/Estoppel of Vicarious Liability)**

Plaintiff's and the putative class members' claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff, the putative class members, and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not vicariously liable. Plaintiff disclaimed reliance on any vicarious liability theory in his FAC (*see* ECF 12 ¶ 76) and further abandoned any such theory of liability by not addressing it or any of Defendant's arguments on the same in opposition to Defendant's Motion to Dismiss (ECF 17), conceding the point. *See Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022). Thus, Plaintiff has waived and should be estopped from asserting any such vicarious liability theory against Defendant on his own behalf and on behalf of the putative class.

## SIXTH AFFIRMATIVE DEFENSE

**(Proportional Allocation of Fault)**

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff, the putative class members, and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable either directly or vicariously. For this reason, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the FAC and cannot be held liable for it. Defendant's liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to those third parties.

## SEVENTH AFFIRMATIVE DEFENSE

**(Failure to Join)**

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who initiated the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so, as well as any other user or owner of the subject phone number who provided consent to be contacted by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Fifth Amendment Due Process)**

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom.* 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).

**NINTH AFFIRMATIVE DEFENSE**

**(Eighth Amendment Excessive Fines)**

If the TCPA is applied against Defendant to impose liability grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051

(9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

**TENTH AFFIRMATIVE DEFENSE**

**(De Minimis Harm)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any) is negligible.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of acquiescence, unclean hands, estoppel, waiver, fraud, conspiracy and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that Plaintiff consented to receiving the calls and/or requested, sought out, induced or otherwise encouraged calls for the sole or intended purpose of bringing TCPA claims. For example, upon information and belief, Plaintiff is the user or subscriber for more than twenty telephone numbers, provides fake information to businesses (*see* ECF 12 ¶ 58), and intentionally induces calls for the sole purpose of bringing TCPA claims (*see id*. ¶¶ 65-67). For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and

interpretive authority.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Standing)**

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including “prudential” or “statutory” standing), particularly to the extent that Plaintiff consented to receiving the calls at issue in this action, requested to be called, induced the calls and/or authorized another third-party to do so, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendant because Defendant did not place or authorize to be placed any calls to Plaintiff absent his consent, and/or is not within the “zone of interests” that the TCPA and any other laws invoked in his FAC were designed to protect, and Defendant cannot redress any alleged injuries by Plaintiff that Defendant did not cause, among other reasons.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(Intervening/Superseding Cause)**

The FAC is barred, in whole or in part, because any alleged calls were made, if at all, by third parties acting independently and outside the scope of any actual or apparent authority from Defendant. To the extent any third party contacted Plaintiff or the putative class members without Defendant’s prior authorization, direction, knowledge, ratification, or consent, such conduct constitutes an intervening and superseding cause relieving Defendant of liability. Defendant further alleges that any

such conduct was contrary to Defendant's policies, procedures, contractual requirements, and instructions governing lawful communications practices.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

If Plaintiff or the putative class members suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Class Not Certifiable)**

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under

which individuals might provide consent and/or revoke consent can naturally vary by individual, as does whether each individual uses their phone number for "residential" purposes. Plaintiff also cannot meet the requirements for class certification because, to the extent that there has been no TCPA violation and/or he lacks standing, he is not a member of the class he seeks to represent.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Defenses; Additional or Other Defenses)**

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed. Defendant also does not waive any rights under 28 U.S.C. §1292(b). Defendant also reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal factual basis to do so, in accordance with applicable rules and law.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's FAC with prejudice, award Defendant all of its costs

and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.

Dated: October 2, 2026

Respectfully submitted,

**MANATT, PHELPS & PHILLIPS, LLP**

By: */s/ Madelaine A. Newcomb*

151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
(312) 529-6300
mnewcomb@manatt.com

Jonathan F. Karmo (P76768)
**HOWARD & HOWARD ATTORNEYS PLLC**
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 645-1483
jfk@h2law.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Madelaine A. Newcomb*