**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARK DOBRONSKI, individually and on behalf of a class of all persons and entities similarly situated, | CLASS ACTION |
| Plaintiff, | Case No. 4:25-cv-11777-FKB-EAS |
| v. | District Judge F. Kay Behm |
| CREDIT SWAG VENTURES, INC. DBA CREDIT & DEBT and DENISE OROZCO, | Mag. Judge Elizabeth A. Stafford |
| Defendants. | |

**JOINT RULE 26(f) REPORT**
**AND PROPOSED CASE MANAGEMENT PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 7, 2026 Notice of Video Rule 16 Scheduling Conference and Rule 26 Joint Discovery Plan Deadline (ECF No. 35), counsel for the parties conferred on September 24, 2026, and respectfully submit the following report and proposed case management plan in advance of the Rule 16 Scheduling Conference set for November 4, 2026. Andrew Roman Perrong, Esq., of Perrong Law LLC participated on behalf of Plaintiff Mark Dobronski ("Plaintiff") and the putative class. Madelaine A. Newcomb, Esq., of Manatt, Phelps & Phillips, LLP participated on behalf of Defendant Credit Swag Ventures, Inc. d/b/a Credit & Debt ("Credit & Debt" or "Defendant").

## 1. Proposed Case Management Order (Phase I)

**Plaintiff's Proposal**:

Using the Court's Case Management Order (Phase I) template, and measuring from a Rule 16 Scheduling Conference date of November 4, 2026, Plaintiff proposes the following deadlines:

| EVENT | DEADLINE |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P. 26(a)(1): | November 18, 2026 |
| Deadline to Amend Pleadings: | January 4, 2027 |
| Lay Witness List | December 22, 2026<br>(six weeks before close of fact discovery) |
| Exhibit List | February 22, 2027<br>(six weeks before close of discovery) |
| Expert Witness List/Disclosures/Report - Plaintiff | February 22, 2027<br>(six weeks before close of discovery) |
| Expert Witness List/Disclosures/Report - Defendant | March 22, 2027<br>(two weeks before close of discovery) |
| Rebuttal reports are due: | April 5, 2027<br>(by the close of discovery) |
| Fact Discovery | February 2, 2027<br>(90 days after the Rule 16 Scheduling Conference) |
| Expert Discovery | April 5, 2027<br>(60 days after the close of fact discovery; the parties request the Court's guidance, see Section 2) |

| **EVENT** | **DEADLINE** |
|---|---|
| Status Conference (to be held at the midpoint of fact discovery): | As set by the Court (midpoint: on or about December 18, 2026) |
| Facilitation: The parties must notify the judicial assistant by **March 5, 2027** (one month before the close of discovery) of their choice of facilitator and scheduled date | May 5, 2027 (30 days after the close of discovery) |
| Dispositive Motions, Motions for Class Certification, and Motions to Limit/Exclude Expert Testimony | June 4, 2027 (30 days after the facilitation deadline) |

If the Court declines the additional expert discovery period discussed in Section 2, so that expert discovery runs concurrently with fact discovery and all discovery closes on February 2, 2027, the template deadlines would instead fall as follows:

| **EVENT** | **DEADLINE** |
|---|---|
| Exhibit List | December 22, 2026 |
| Expert Witness List/Disclosures/Report - Plaintiff | December 22, 2026 |
| Expert Witness List/Disclosures/Report - Defendant | January 19, 2027 |
| Rebuttal reports are due / Expert Discovery | February 2, 2027 |
| Facilitation: notice to judicial assistant by **January 4, 2027** | March 4, 2027 |
| Dispositive Motions, Motions for Class Certification, and Motions to Limit/Exclude Expert Testimony | April 5, 2027 |

All other deadlines would remain as stated in the first table.

Plaintiff opposes the proposed bifurcation, particularly after the Court's decision on Defendant's Motion to Dismiss and its admonition on the record. Bifurcation in TCPA actions is often burdensome and counterproductive, leading to unnecessary discovery disputes as to the appropriate discovery in each phase, in addition to the risk that relevant information, especially those in possession of third parties, may eventually become lost or destroyed. Moreover, the issues that Defendant has identified as needing discovery on will apply just as equally to the Plaintiff's individual claims as the class's claims. Plaintiff intends to oppose any contemplated bifurcation motion.

**Defendant's Proposal:**

Defendant proposes a bifurcated discovery schedule and intends to file a formal motion seeking such relief. Defendant respectfully acknowledges the Court's suggestion that it is not inclined to allow more than four months for discovery. Defendant's proposal stays within that timeframe for the initial phase and could bring this case to a close more expeditiously than either of the above case management schedules. Defendant believes this case can be resolved efficiently on threshold issues, namely: (1) whether Plaintiff has Article III or statutory standing, (2) whether Defendant is directly or vicariously liable for the calls Plaintiff received; and (3) whether Plaintiff uses the subject phone number for residential purposes. None of these issues require costly and burdensome class discovery. Courts in this

District have recognized that "[i]n cases asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). Defendant therefore proposes the following schedule:

- **Phase I – Individual Merits Discovery:** Discovery limited to the merits of Plaintiff's individual claim will proceed for 90 to 120 days after entry of the Scheduling Order. No class discovery will take place during this period.
- **Opening Summary Judgment Motions:** Due no later than 30 days after the close of Phase I discovery. Any party may file a summary judgment motion at any time before this deadline.
- **Oppositions:** Due 30 days after service of the opening motions.
- **Replies:** Due 15 days after service of the oppositions.

Defendant further proposes that, after the dispositive motion is decided, the Court hold a further case management conference at its convenience. At that conference, the Court can set a schedule for class discovery and all remaining case management deadlines, if necessary and if the case proceeds.

**2. Length of Discovery and Request for Guidance on Expert Discovery**

The parties acknowledge the Court's admonition that it would not consider a longer fact discovery period. Consistent with that admonition, Plaintiff agrees to a fact discovery period of 90 days from the Rule 16 Scheduling Conference, closing on February 2, 2027. Defendant believes bifurcated discovery will be more efficient and can be completed within 90 to 120 days as to the merits of Plaintiff's individual TCPA claim.

Plaintiff respectfully requests the Court's guidance on whether it will permit an additional 60-day period of expert discovery following the close of fact discovery, closing on April 5, 2027. All told, this will give a total of 5 months of discovery, including expert discovery, in line with the Court's admonition. Plaintiff requests that additional period for the following reasons:

(1) If expert discovery ran concurrently, the Court's current template would put Plaintiff's expert report due December 22, 2026. That is seven weeks after the Rule 16 Scheduling Conference and about a month after initial disclosures, before Defendant's call records or any third-party carrier or vendor records can realistically be produced, much less analyzed.

(2) The surviving claim turns on technical questions that call for expert analysis of that data, including whether the records show that the voice

used on the calls was an artificial or prerecorded voice, and which call records reflect calls on which that voice was played, so that the members of the Robocall Class can be identified. Those opinions cannot responsibly be formed until fact discovery, including Rule 45 discovery from carriers and vendors, is substantially complete.

(3) A short, discrete expert period after fact discovery keeps the general four month fact discovery period the Court has indicated it expects, while avoiding expert reports built on incomplete data and the motion practice that would likely follow.

Defendant believes any expert discovery necessary to address the merits of Plaintiff's individual TCPA claim can be resolved within the time frame proposed for bifurcated discovery above.

**3. Jurisdiction, Service, and Procedural Posture**

Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court has federal-question jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Defendant has appeared and answered, and no party remains to be served.

Plaintiff filed this action on June 12, 2025 (ECF No. 1) and filed the operative First Amended Complaint on September 8, 2025 (ECF No. 12). On September 18, 2026, the Court granted in part and denied in part Credit & Debt's motion to dismiss and granted Denise Orozco's motion to dismiss (ECF No. 33). The Court held that Plaintiff plausibly alleged Credit & Debt's direct liability. The Court dismissed Ms. Orozco, Counts II (National Do Not Call Registry) and III (caller identification), along with their related class claims, and Plaintiff's claims for treble damages and injunctive relief. Count I, under 47 U.S.C. § 227(b)(1)(A), and the associated Robocall Class remain. Credit & Debt answered the First Amended Complaint and asserted seventeen affirmative and other defenses on October 2, 2026 (ECF No. 34). No motions are pending.

**4. Factual Contentions**

**A. <u>Plaintiff's Factual Contentions</u>**

Plaintiff's residential landline (for which he is charged per minute for the call), (734) XXX-XXXX, is used for personal, residential, and household purposes. Plaintiff has never been a customer of Credit & Debt and never consented to receive calls from it. On April 3, 2025, Plaintiff received a call in which an artificial or prerecorded voice, "Jessica" from the fictitiously named "Debt Relief Group," greeted him, paused for nearly five seconds, ignored his deliberately incongruous responses, continued its scripted playback with an unnatural cadence, and then

delivered a standardized transfer phrase. The call was transferred to a live screener, "Jacob," who collected Plaintiff's debt and demographic information, and then to Credit & Debt employee Denise Orozco, who identified herself as being with Credit & Debt and already had the information Plaintiff had given the earlier agents. Plaintiff then received an email from Ms. Orozco at a Credit & Debt email address, and a Credit & Debt supervisor later called Plaintiff and admitted to the use of a prerecorded voice.

Plaintiff contends that Credit & Debt placed the call, and that the same artificial or prerecorded voice was used on calls to other residential lines nationwide without the recipients' prior express consent. Plaintiff seeks statutory damages for himself and the Robocall Class under 47 U.S.C. § 227(b)(3).

**B. <u>Defendant's Factual Contentions and Defenses</u>**

<u>Defendant disputes Plaintiff's allegations, that Plaintiff has Article III standing to bring such a claim, or that the case is capable of or appropriate for class treatment. More specifically, Defendant denies that it made any calls to Plaintiff in violation of the TCPA or that it is vicariously liable under the TCPA for any third party who may have called Plaintiff.</u>

**5. Principal Legal Issues**

Plaintiff presently believes the principal issues include:

(a) whether Credit & Debt initiated the calls at issue, and, to the extent Credit & Debt contends a third party placed them and/or transferred them, the identity of that party and its relationship to Credit & Debt;

(b) whether the calls used an "artificial or prerecorded voice" within the meaning of 47 U.S.C. § 227(b)(1)(A) and/or (B);

(c) whether Credit & Debt can establish prior express consent, and whether that defense can be resolved on a class-wide basis;

(d) whether Credit & Debt's remaining affirmative defenses have merit; and

(e) whether the Robocall Class satisfies Federal Rule of Civil Procedure 23(a) and 23(b)(3).

Defendant presently believes the principal issues include:

- Whether Plaintiff consented to receive the alleged calls;
- Whether Plaintiff suffered any damage by receiving the alleged calls;
- Whether Plaintiff has Article III standing and/or is an adequate class representative;
- Whether the subject phone number is a residential line;
- Whether Plaintiff can satisfy the requirements for class certification under Fed. R. Civ. P. 23.
- Whether Defendant is directly or vicariously liable for the subject calls.

**6. Initial Disclosures Fed. R. Civ. P. 26(f)(3)(A)**

The parties propose to exchange Rule 26(a)(1) disclosures by **November 18, 2026**, fourteen days after the Rule 16 Scheduling Conference. No other change in the form or requirements of the disclosures is requested.

**7. Discovery Plan**

**A. <u>Commencement and Early Exchange</u>**

**Plaintiff's Proposal:**

Because the parties have held their Rule 26(f) conference, discovery is open under Rule 26(d)(1). Plaintiff has already served his first set of discovery requests.

Credit & Debt's answer contends that any calls were placed by third parties and that Plaintiff failed to join the persons or entities that initiated them (ECF No. 34, Fourth, Sixth, Seventh, and Thirteenth Defenses). Plaintiff therefore proposes that, within 14 days after the Rule 16 Scheduling Conference, Credit & Debt identify in writing each dialing platform, telephony or VoIP provider, carrier, vendor, call center, and lead source involved in generating or transferring calls to Credit & Debt during the putative class period, so that Plaintiff can serve Rule 45 subpoenas and, if warranted, seek to join those parties before the January 4, 2027 amendment deadline.

**<u>Defendant's Proposal:</u>**

Defendant objects to Plaintiff's proposal that it identify, within 14 days after the Rule 16 Scheduling Conference, "each dialing platform, telephony or VoIP provider, carrier, vendor, call center, and lead source" involved in generating or transferring calls during the putative class period, the scope of which expands far beyond any calls made to Plaintiff. Plaintiff served written discovery on October 21, 2026, and that discovery already seeks this category of information. Under Rules 33(b)(2) and 34(b)(2)(A), Defendant's responses are not yet due. Plaintiff's proposal seeks to shorten Defendant's discovery response deadline for this question. It would also cut off Defendant's right to respond and object to the discovery requests as the Rules allow. Plaintiff has identified no authority for compelling early disclosure through a scheduling report before discovery responses are due. Plaintiff has also not shown good cause to shorten the response period under Rule 29(b) or any other rule, and the parties have not reached any stipulation to do so. A motion to compel is also premature, because no response is overdue and the parties have not met and conferred about any deficiency. E.D. Mich. LR 7.1(a); Fed. R. Civ. P. 37(a)(1). Defendant reserves all objections to Plaintiff's discovery requests.

**B. <u>Subjects of Discovery - Plaintiff</u>**

Plaintiff anticipates seeking discovery concerning, among other things:

(1) the calls to Plaintiff, including all recordings, CRM and account entries, notes, call dispositions, transfer data, and the email Ms. Orozco sent him;

(2) Credit & Debt's inbound and outbound call records for the class period, including call detail records and dialer logs with all date, time, duration, disposition, caller ID, and transfer fields, together with a data dictionary;

(3) the identity, configuration, and operation of the dialing, telephony, and voice technology used on the calls, including the "Jessica" voice and its audio files, scripts, and prompts, and Credit & Debt's contracts and communications with the vendors that provided them, if any;

(4) the relationship between Credit & Debt and "Debt Relief Group," and the identity and employer of "Jessica," "Jacob," and the supervisor who called Plaintiff;

(5) the caller ID numbers used on the calls and the carriers that carried them, to the extent they bear on who placed the calls;

(6) any lead sources and consent records on which Credit & Debt relies;

(7) Credit & Debt's TCPA compliance policies, consumer complaints, and prior complaints or inquiries about prerecorded or AI-voice calls;

(8) Credit & Debt's document retention and preservation practices; and

(9) Credit & Debt's corporate structure and insurance coverage, and other information bearing on the Rule 23 factors.

**C. Subjects of Discovery - Defendant**

Defendant respectfully disagrees with Plaintiff as to the subjects of discovery in this case. Specifically as to scope, Defendant submits that evidence in this matter may include (but may not be limited to) relevant documents and witness testimony relating to, supporting, and concerning jurisdictional issues, Defendant's alleged liability, the merits of Plaintiff's underlying TCPA claim and Defendant's affirmative defenses thereto, Plaintiff's constitutional or prudential standing to bring the asserted claims, causation, class certification, class membership, and damages. Third party discovery may also be required. Evidence may also include the devices assigned to the subject phone number(s) in the Complaint and relevant evidence in the possession of third parties, if any.

**D. Third-Party Discovery**

Plaintiff anticipates serving Rule 45 subpoenas on, among others, the carriers associated with the caller ID numbers used on the calls, Credit & Debt's telephony providers, and its dialing and voice platform vendors and lead sources, to identify who placed the calls and to obtain the underlying call detail records.

Defendant anticipates service Rule 45 subpoenas on, among others, Plaintiff's telephone and internet providers.

**8. ESI, Privilege, Limitations, and Other Orders - Fed. R. Civ. P. 26(f)(3)(C)-(F)**

Electronically Stored Information. The parties will confer on custodians and search terms and will submit a stipulated ESI protocol if one becomes necessary.

Preservation. Each party represents that it has taken reasonable steps to preserve relevant documents and ESI.

Privilege and Protective Order. The parties do not presently anticipate unusual issues concerning privilege or work product. The parties will submit a stipulated protective order with a non-waiver provision under Federal Rule of Evidence 502(d).

Limitations. The parties do not presently propose changes to the discovery limits in the Federal Rules of Civil Procedure or the Local Rules, and reserve the right to seek a stipulation or leave of Court if needed. The parties consent to service of discovery by email under Rule 5(b)(2)(E).

Other Orders and Discovery Disputes. Apart from the scheduling order, protective order, and any ESI protocol, and Defendant's forthcoming motion for bifurcated discovery, the parties are not presently aware of other orders that should be entered under Rules 26(c) or 16(b) or (c). The parties understand that discovery

matters are referred to Magistrate Judge Stafford and will follow her procedures, and will confer in good faith before presenting any dispute to the Court.

**9. Amendment of Pleadings and Joinder of Parties**

Credit & Debt contends that third parties placed any calls and that Plaintiff has failed to join them (ECF No. 34). Plaintiff anticipates that discovery may identify additional parties responsible for the calls, including the operators of "Debt Relief Group," the vendor that supplied the "Jessica" voice, and any call centers or lead generators, and may supply additional facts bearing on the claims and theories addressed in the Court's September 18, 2026 order. Plaintiff reserves the right to seek leave to amend under Rule 15(a)(2) on that basis. Plaintiff proposes January 4, 2027 as the deadline to amend pleadings by right, without prejudice to a motion for leave for good cause under Rule 16(b)(4) based on information first produced after that date.

Defendant proposes the bifurcated discovery schedule in Section 1 above.

**10. Expert Witnesses**

Plaintiff anticipates offering expert testimony on whether the voice used on the calls was artificial or prerecorded, and on the analysis of call detail records and dialer data to identify calls on which that voice was played and the members of the Robocall Class. Expert disclosures will comply with Rule 26(a)(2).

Defendant may require expert testimony regarding, among other things, Plaintiff's Article III standing, whether the subject phone number is a "residential" line, whether Plaintiff consented to receive the subject calls and, if Plaintiff's individual claim survives, these and other issues involving the putative class, including whether individualized issues predominate and/or Plaintiff is an adequate class representative.

**11. Settlement and Facilitation**

As required by Rule 26(f)(2), counsel discussed the possibilities for promptly settling or resolving the case. Consistent with the Court's Case Management Order, the parties will notify the Court's judicial assistant of their facilitator and scheduled date and will complete facilitation by the deadlines proposed in Section 1.

Plaintiff's Position. Plaintiff is open to facilitative mediation on a class-wide basis at any time. Plaintiff believes productive discussions will be possible once Credit & Debt has produced its call records and identified the vendors and carriers involved in the calls, which will allow the parties to evaluate the size of the class. Plaintiff is amenable to earlier mediation or a settlement conference before the Magistrate Judge if Credit & Debt will exchange that information informally.

Defendant's Position. Defendant is open to mediation on an individual basis only, as it has already informed Plaintiff that it did not make or authorize any third

party to make the subject calls. Defendant denies that Plaintiff needs call records or third party identities to evaluate resolution as to Defendant.

**12. Relief Sought and Computation of Damages**

Plaintiff seeks, for himself and the Robocall Class, statutory damages of $500 for each call made in violation of 47 U.S.C. § 227(b)(1)(B) under § 227(b)(3)(B), certification of the Robocall Class and appointment of class counsel, and such other relief as the Court deems just. Plaintiff alleges that at least one of the calls he received on April 3, 2025 used an artificial or prerecorded voice, entitling him to at least $500, and reserves the right to recover for any additional calls that discovery shows used the same voice. Class damages cannot presently be calculated and will depend on the number of calls reflected in the calling records.

_____Defendant disputes Plaintiff's allegations, that Plaintiff has Article III standing to bring such a claim, or that the case is capable of or appropriate for class treatment. Defendant further denies that Plaintiff is entitled to any damages under the TCPA or otherwise. Defendant reserves the right to seek damages from Plaintiff where supported by facts yet to be confirmed through discovery.

**13. Trial and Other Matters**

Plaintiff has demanded a jury trial on all claims so triable. The parties estimate that trial of Plaintiff's individual claim would take approximately two to four days and, if a class is certified, approximately four to seven days. The parties propose that

the final pretrial conference and trial be set after the Court rules on class certification and any dispositive motions. The parties are not aware of any related cases and will promptly advise the Court of any other matter that would aid the just, speedy, and inexpensive resolution of this action.

Dated: October 27, 2026

Respectfully submitted,

PERRONG LAW LLC

By: /s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Putative Class*

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Madelaine A Newcomb
(With Permission)
Madelaine A. Newcomb
151 N. Franklin Street, Suite 2600
Chicago, Illinois 60606
(312) 529-6300
mnewcomb@manatt.com

Jonathan F. Karmo (P76768)
HOWARD & HOWARD
ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 645-1483
jfk@h2law.com

*Attorneys for Defendant Credit Swag Ventures, Inc. d/b/a Credit & Debt*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, I caused a true and correct copy of the foregoing document to be served on all counsel of record through the Court's CM/ECF system.

/s/ Andrew Roman Perrong
Andrew Roman Perrong