UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DOBRONSKI,
Plaintiff(s),

v.

CREDIT SWAG VENTURES, INC.
d/b/a CREDIT & DEBT,
Defendant(s)

Case No. 25-11777

F. Kay Behm, U.S. District Judge

Magistrate Judge Elizabeth A. Stafford

**CASE MANAGEMENT ORDER (PHASE I)**

| **EVENT** | **DEADLINE** |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26 (a)(1): | November 18, 2026 |
| Deadline to Amend Pleadings: | January 4, 2027 |
| Lay Witness List | December 22, 2026 |
| Exhibit List | February 22, 2027 |
| Expert Witness List/Disclosures/Report - Plaintiff | February 22, 2027 |
| Expert Witness List/Disclosures/Report - Defendant | March 22, 2027 |
| Rebuttal reports are due: | April 5, 2027 |
| Fact Discovery | February 2, 2027 |
| Expert Discovery | April 5, 2027 |
| Status Conference (to be held at the midpoint of fact discovery): | December 17, 2026 at 11:30 a.m. |

| **EVENT** | **DEADLINE** |
|---|---|
| Facilitation: The parties **must** notify the judicial assistant by **March 5, 2027** (one month before the close of discovery) of their choice of facilitator and scheduled date[1] | May 5, 2027 |
| Dispositive Motions and Motions to Limit/Exclude Expert Testimony | June 4, 2027 |

## 1. LOCAL COUNSEL

An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234-5000.

## 2. DISCOVERY

Discovery must be served sufficiently **in advance** of the discovery cutoff so as to allow the opposing party sufficient time **to respond** under the Federal Rules of Civil Procedure prior to the close of discovery. The Court will not order discovery to take place after the cutoff date. **PLEASE NOTE:** Unless otherwise ordered, the Court issues a global referral of all discovery matters to the assigned

[1] Judicial Assistant email: Denise_Churchill@mied.uscourts.gov.

Magistrate Judge. Before moving for an order relating to discovery, the movant should consult with the assigned Magistrate Judge's chambers on its discovery motion procedures. Discovery must be served sufficiently in advance of the discovery cutoff to allow the opposing party enough time to respond under the Federal Rules of Civil Procedure prior to the discovery deadline. All discovery motions must be filed prior to the discovery deadline. The only discovery that may be conducted after the discovery cutoff date without leave of the Court is discovery ordered by the Magistrate Judge for which a timely-filed motion was pending before the discovery cutoff date.

For discovery matters addressed by Judge Behm, a movant must first confer with opposing counsel and then file a request for a conference with the Court, stating that a conference was held with opposing counsel, and outlining the nature of the unresolved dispute. *See* Fed. R. Civ. P. 16 (b)(3)(B)(v). Sanctions may be imposed against any party who unreasonably refuses to resolve a discovery dispute.

**3. EXTENSIONS OF TIME**

Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court, provided the extension of time does not affect the motion cutoffs, final pretrial conference, or trial dates. Extensions or

adjournments of dates other than the discovery cutoff will be considered upon the filing of a motion or stipulation setting forth in detail the factual basis for the request.

When requesting an extension of time, please include the following guide within your motion or stipulation to outline **ALL** currently set deadlines and list any new proposed deadlines. You may omit any deadlines that have passed for which you do not seek extensions.

| **EVENT** | **CURRENT DEADLINE** | **PROPOSED NEW DEADLINE** |
|---|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26 (a)(1): | | |
| Deadline to Amend Pleadings: | | |
| Lay Witness List | | |
| Exhibit List | | |
| Expert Witness List/Disclosures/Report - Plaintiff | | |
| Expert Witness List/Disclosures/Report - Defendant | | |
| Rebuttal reports are due: | | |
| Fact Discovery | | |
| Expert Discovery | | |
| Status Conference (to be held at the midpoint of fact discovery): | | |

| EVENT | CURRENT DEADLINE | PROPOSED NEW DEADLINE |
|---|---|---|
| Facilitation: The parties **must** notify the judicial assistant by _____ **(one month before the close of discovery)** of their choice of facilitator and scheduled date | | |
| Dispositive Motions and Motions to Limit/Exclude Expert Testimony | | |

## 4. BRIEFING GUIDELINES AND REQUIREMENTS

The Court does not ordinarily set a briefing schedule for motions. Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in Local Rule 7.1(e) apply for filing responses and replies to motions. Sur-replies are generally not permitted. Requests for extensions of time may be made by filing a concise stipulation and order explaining the specific reasons why such an extension is necessary. Such a stipulation and order must be filed at least one week before a brief is due.

All briefs shall strictly comply with Local Rules 5.1 and 7.1. The Court does not routinely grant requests to file longer briefs. Requests to file an oversized brief may be made by filing a concise stipulation and order or *ex parte* motion explaining the specific reasons why such an extension is necessary. Such a stipulation and order or *ex parte* motion must be filed at least one week before a

brief is due.

**5. COURTESY COPIES**

A courtesy copy of all motions and briefs including exhibits must be sent to the chambers via First-Class Mail the same day the document is e-filed, or hand-delivered not later than the next business day after the document is e-filed. The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page. The courtesy copy **must** be bound on the left side in a book-style manner. The Court will not accept documents loosely secured with a rubber band or binder clip. Exhibits must be labeled and may be printed double sided. **Relevant portions of exhibits must be highlighted.**

**6. NOTICE TO COURT OF RESOLUTION OF MOTION**

If the parties have resolved an issue that is the subject of a pending motion, the parties must notify chambers in writing by the next business day. The parties email e-mail the Court's Case Manager[2] indicating that the issue has been resolved and that the parties no longer wish to move forward with the motion.

**7. CASE EVALUATION/FACILITATION**

Parties may stipulate to case evaluation or mediation or request a settlement conference with the Court at any time. In all cases, a brief status

[2] Case Manager email: kourtney_collins@mied.uscourts.gov.

conference will be conducted shortly after the close of discovery to discuss settlement options.

**8. MOTIONS FOR SUMMARY JUDGMENT**

When filing motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, parties must proceed in accordance with the following:

Statement of Material Facts on Motion for Summary Judgment

(a) The maker of the motion must include a Statement of Material Facts. In short, concise, and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for striking the motion or denying it.

(b) The party opposing the motion must respond to each numbered paragraph in the moving party's statement. The numbering in the opposing party's response should correspond to the numbering in the motion. The opposing party may add additional paragraphs containing separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

(c) Each numbered paragraph in the moving party's Statement of Material Facts will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement served by the opposing party.

(d) Each Statement of Material Fact – whether set forth by the maker of the motion or the party opposing the motion – must be followed by citation to interrogatory answers, depositions, documents, affidavits, declarations, stipulations, admissions, electronically stored information,

or other information which would be admissible under Federal Rules of Civil Procedure 56(e), in support of each claim or defense asserted.

Attached appendices must contain an index and be tabbed.

Counsel are discouraged from employing lengthy, boilerplate recitations of the summary judgment standard or string citations in support of well-established legal principles. Instead, counsel should focus analysis on a few well-chosen cases, preferably recent and from controlling courts. Where unpublished opinions or opinions published only in a specialty reporter are cited, copies of these cases must be submitted with the briefs.

**9. REQUIREMENTS APPLICABLE TO ALL MOTIONS**

The Court requires strict compliance with E.D. Mich. LR 7.1(a), which obligates moving parties to seek concurrence before filing any motion. A moving party must certify compliance with this obligation by setting forth in the first paragraph of every motion one of the following statements or one substantially similar:

(a) The undersigned counsel certifies that counsel personally spoke to, or met with, opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

(b) The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing

counsel expressly denied concurrence.

(c) The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

(d) The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. [Set forth the exceptional circumstances with specificity.]

The above statements shall be modified appropriately where one or more parties is unrepresented. **The failure to certify compliance with this paragraph will result in the motion being stricken.**

**SO ORDERED**.

Dated: October 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge