# CIVIL MOTION PRACTICE

## A. REQUIREMENT TO SEEK CONCURRENCE

The parties must comply with E.D. Mich. LR 7.1(a) before filing motions. For discovery motions, the parties must comply with ¶ F, below.

## B. BRIEFS AND BRIEFING SCHEDULE ON MOTIONS

The parties must comply with E.D. Mich. LR 5.1 and 7.1 regarding format and form of motions and briefs, and the type of briefs required and permitted. [1] All briefs must contain an index of exhibits, and the Court suggests a table of contents for briefs over ten pages. A party must move for leave to deviate from these rules.

The parties must also comply with the Electronic Filing Policies and Procedures of the E.D. Mich, including a few rules highlighted below. [2]

1. This is the required citations format under R6:

| To reference | Cite form example |
|---|---|
| A single page | ECF No. 10, PageID.234 |
| Multiple sequential pages | ECF No. 10, PageID.234-235 |
| Multiple pages not in succession | ECF No. 10, PageID.234, 238, 245 |
| Multiple documents | ECF No. 10; ECF No. 11 |
| A document attached to the main document | ECF No. 10-2, PageID.234 |

[1] The local rules are available here: http://www.mied.uscourts.gov/index.cfm?pagefunction=rulesPlansOrders

[2] These policies and procedures are found at: http://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf

**This format must be used to cite any document that is already in the record.**

2. Under R5(f), "A counter-motion must not be combined with a response or reply."
3. Under R19(b), "Unless there is only one exhibit, the filing user must prepare an index of exhibits and file the index as the first attachment to the paper. Each exhibit must be described on the index both by an exhibit identifier and by a brief narrative description."

## C. HEARINGS/ORAL ARGUMENT ON MOTIONS

Under E.D. Mich. LR 7.1(f), the Court may cancel a scheduled hearing or decide the matter without a hearing when the issues can be decided on the briefs.

## D. COURTESY COPIES

**THE PARTIES SHOULD NOT SUBMIT COURTESY COPIES TO THE COURT UNLESS INSTRUCTED TO DO SO.**

## E. ORDERS

The Court usually prepares its own orders.

## F. DISCOVERY

Except in cases with pro se parties, when the Court has consent jurisdiction over a case under 28 U.S.C. § 636(c) or has been referred all pretrial or discovery matters under § 636(b)(1)(A), **THE PARTIES MAY NOT FILE A DISCOVERY MOTION WITHOUT LEAVE OF COURT.** Before requesting leave to file a discovery motion, the parties must:

1. Engage in a meaningful meet and confer in accordance with E.D. Mich. LR 37.1 to try to resolve, or at least narrow, the disputed issues.[3]

[3] The parties must review the attached meet and confer guidelines.

2. If unresolved issues remain, the parties must call the court to schedule a status conference.

## MEET AND CONFER GUIDELINES

During the parties meet and confer, they must address relevance to a specific claim or defense, and the proportionality factors under Federal Rule of Civil Rule 26(b)(1). *See Helena Agri-Enterprises, LLC v. Great Lakes Grain,* LLC, 988 F.3d 260, 273 (6th Cir. 2021) (describing the collective duty of the parties and courts to consider proportionality in resolving discovery disputes). The Court will reject any argument that relies on the language of Rule 26(b)(1) before it was amended in 2015 or caselaw that interprets that outdated language. *See Weidman v. Ford Motor Company*, No. CV 18-12719, 2021 WL 2349400, at *3 (E.D. Mich. June 9, 2021); *Cratty v. City of Wyandotte*, 296 F. Supp.3d. 854, 858 (E.D. Mich. Nov. 8, 2017).

A party requesting documents must describe each request with reasonable particularity. Fed. R. Civ. P. 34(b)(1)(A). A document request should not "call on the producing party to engage in a subjective guessing game of whether a document is responsive." *United States v. Quicken Loans, Inc*., No. 16-CV-14050, 2018 WL 7351682, at *1 (E.D. Mich. June 5, 2018). Courts have long condemned omnibus "any and all" document requests. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 387-388 (2004) (document requests asking "for everything under the sky" were

"anything but appropriate"); *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020) (finding the defendant's exceptionally broad discovery requests violated Fed. R. Civ. P. 26(g)).

The rules also require objections to interrogatories and requests for production of documents to be made with specificity. Fed. R. Civ. P. 33(b)(4) & 34(b)(2). A party objecting to a request for production of documents as burdensome must support that objection with affidavits, other evidence, or enough information to allow the Court to make a common-sense judgment. *In re Heparin Products Liab. Litig.*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743-44 (8th Cir. 2018). The responding party is also warned, "Boilerplate objections are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209–10 (E.D. Mich. 2018). And "a party cannot cloak its answers in without-waiving objections." *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *3 (W.D. Ky. July 2, 2015). In other words, "[a] party either objects to production or produces. If it produces, the objections are generally deemed waived." *Riley v. NewPenn Kilt, LLC*, No. 518CV00014TBRHBB, 2020 WL 59838, at *2 n.1 (W.D. Ky. Jan. 6, 2020).

The Court will not tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position. *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

A responding party claiming privilege must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii).

Finally, the parties must engage informed, cooperative, and transparent discussions about the search for electronically stored information. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 634 (E.D. Mich. 2021); *Lyman v. Ford Motor Co.*, 344 F.R.D. 228, 230 (E.D. Mich. 2023); *Powell v. Hackel*, No. 20-13318, 2022 WL 22628807, at *1 (E.D. Mich. Jan. 12, 2022).